■ In the Matter of WARREN GOODWIN et al., Petitioners, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In four consolidated proceedings pursuant to CPLR article 78 to review determinations of the respondent New York State Commissioner of Social Services, made after statutory fair hearings, which affirmed determinations of the local agency deducting the full amount of the petitioners' interim Home Relief grants from their Supplemental Security Income grants, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Meade, J.), entered November 18, 1985, which, *inter alia,* dismissed the consolidated petitions.

Judgment affirmed, without costs or disbursements.

The petitioners seek to challenge the respondents' policy of recoupment of interim Home Relief benefits *(see,* Social Services Law § 158 [a]; 18 NYCRR 370.7; 20 CFR 416.1901) as an unconstitutional denial of equal protection under the Federal and State Constitutions (US Const 5th, 14th Amends; NY Const, art I, § II). By analogy to *Matter of Lee v Smith* (43 NY2d 453), they assert that the full recoupment of all interim assistance provided by the State during the interim assistance period effectively reduced their Home Relief benefits below their constitutional and statutory needs for months in which their Home Relief grants exceeded their retroactive Supplemental Security Income (SSI) grants *(see,* NY Const art XVII; Social Services Law § 131-a). As a result, the petitioners claim that the State irrationally discriminates against Home Relief recipients who have become eligible for Federal Supplemental Security Income grants. We disagree.

The uncontroverted facts amply demonstrate that the petitioners' actual benefit receipts never fell below their State needs standard for any month within the interim assistance period. What the respondents' policy accomplishes is, at best, an effective reduction of the petitioners' Federal, not State, benefits during this period, where they relied solely upon State issued funds. Thus, throughout the interim assistance period they were not eligible for Supplemental Security Income grants.

This policy is specifically authorized by both Federal statute and regulation *(see,* 42 USC § 1383 [g]; 20 CFR 416.1901 *et seq.)* In addition, the petitioners have failed to demonstrate that the policy is not consonant with the legislative intent of Social Services Law § 158 (a). The legislative memoranda relied upon

by the petitioners which indicate an intent to recoup Home Relief benefits which "duplicate" Federal benefits *(see,* memorandum of State Exec Dept 1974 McKinney's Session Laws of NY, at 2052; memorandum of State Dept of Social Services, 1981 McKinney's Session Laws of NY, at 2456) do not require a month-by-month recoupment analysis as suggested by the petitioners. Furthermore, the respondents' interpretation of the applicable statutory and regulatory schemes is both rational and in accordance with the express language of the applicable statutes and regulations. Therefore, their interpretation is entitled to great weight and should not be disturbed unless irrational *(see, e.g., Matter of Howard v Wyman,* 28 NY2d 434; *cf. Matter of Bernstein v Toia,* 43 NY2d 437; *Matter of Barie v Lavine,* 40 NY2d 565; *Matter of Padilla v Wyman,* 34 NY2d 36, *appeal dismissed sub nom. Padilla v Lavine,* 419 US 1084).

We have examined the various remaining contentions of each petitioner and find them to be without merit. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.