OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
This is a CPLR article 78 proceeding wherein petitioner challenges respondent’s practice of recouping all home relief grants provided as interim assistance from the initial retroactive payment of Federal Supplemental Security Income (SSI) benefits, subsequently provided to eligible persons.
The general right of State and local authorities to recoup interim assistance provided to SSI eligible persons upon the retroactive payment of such Federal benefits cannot be disputed (see, Social Services Law § 158 [a]; 18 NYCRR 370.7 [c] [3]; Matter of Goodwin v Perales, 120 AD2d 527). However, petitioner claims that certain types of home relief assistance may not properly be recoupable as interim assistance. The issue presented is whether moving expenses, furniture storage expenses and other nonrecurring special needs grants are "interim assistance,” which may be recouped from the initial payment of retroactive Federal SSI benefits. While there are apparently no reported cases on point, petitioner cites Matter of Neff v Perales (No. 89-0746, Sup Ct, Niagara County, Feb. 25, 1991) for the proposition that such nonrecurring special needs grants are not recoupable. For the reasons cited herein, this court disagrees and holds that all home relief grants, recurring and nonrecurring, are properly recoupable as interim assistance pursuant to 18 NYCRR 370.7 (a) (1).
THE LAW
The Home Relief Program is the State of New York’s general assistance program and is available to persons who are unable to provide financially for themselves and who are not eligible for other State-sponsored assistance programs (Social Services Law § 158 [a]; 18 NYCRR part 370). As a condition of eligibility, all home relief applicants who appear eligible for Federal SSI benefits must apply for such Federal benefits and must execute a written authorization allowing Federal benefits to be paid directly to the local social services district and further allowing the social services district to deduct from the initial payment of retroactive Federal benefits all the amounts previously provided as home relief grants *971 (Social Services Law § 158; 18 NYCRR 370.7 [a]; see also, form DSS-2424). If the applicant is not eligible for SSI benefits, then no portion of the home relief grants are recoupable. If the applicant is eligible, the home relief grants may be recouped to the extent they do not exceed the amount of the initial SSI payment. If the initial payment is less than the home relief grants provided, then recoupment cannot be made from subsequent SSI payments (18 NYCRR 370.7 [c] [3]).
Under certain circumstances, SSI recipients, as opposed to SSI applicants, are eligible for special needs or emergency needs grants (18 NYCRR 352.6, 397.1). These grants may not be recouped from monthly SSI payments.
STATUTORY INTERPRETATION
In petitioner’s first cause of action, she contends that "interim assistance” includes only those moneys provided to meet "basic needs.” In support of this contention, petitioner cites the definition of interim assistance provided in the Federal statute (42 USC § 1383 [g] [3]). Petitioner concludes that, "the interim assistance for which the state may seek reimbursement is thus by statutory definition the 'basic needs’ or regularly recurring monthly home relief grant which is based upon the State’s established standard of need.”
The problem with this argument is twofold. First, the definition of "interim assistance,” for purposes of interpreting the State’s Social Services Law, is controlled by State, rather than Federal, law. The State regulations governing home relief grants aptly provide the definition of interim assistance. Pursuant to those regulations
”[i]nterim assistance means home relief grants or the increment of a home relief case grant furnished to or on behalf of:
"(i) an applicant for supplemental security income (SSI)”. (18 NYCRR 370.7 [a] [1].)
This definition does not limit interim assistance to that portion of home relief which is equal to the State’s established standard of need. On the contrary, it expressly includes all assistance provided as home relief grants.
Secondly, it cannot be seriously contended that merely because special grants are used to meet nonrecurring expenses that they thereby are not provided to meet basic needs. Special, nonrecurring grants are simply designed to provide for basic needs which occur occasionally or sporadically, and, *972 therefore, are considered on a case-by-case, item-by-item, basis. In short, there is no support for the contention that basic needs are equal and limited to regularly recurring monthly needs.
The function and power of this court in reviewing an agency’s interpretation of its own regulations is limited. The construction given statutes and regulations by the agency responsible for their administration is entitled to great weight and will not be disturbed unless it is irrational or unreasonable (see, Matter of Goodwin v Perales, supra, at 528, and the cases cited therein). In the instant case, the respondent’s interpretation of the applicable regulations is consistent with the definitions provided therein. It is also consistent with a fair reading of the related Federal statutes. Such interpretation is reasonable and rational and must be upheld.
EQUAL PROTECTION
In petitioner’s second cause of action, she contends that the disparity in treatment between SSI applicants and SSI recipients violates her State and Federal constitutional right to equal protection. The court disagrees.
The fact that special needs, moving expense, furniture storage and budget deficits grants may be recouped from an SSI applicant under certain circumstances, but not from an SSI recipient, is both reasonable and rational. Home relief provides immediate State assistance to persons who may be eligible to receive Federal SSI benefits. The State home relief benefits a person is entitled to receive is not tied to, limited by, or conditioned upon Federal eligibility. However, if Federal benefits are ultimately provided, and to the extent they exceed all home relief grants, then the State is authorized to recoup the moneys it expended. This result is rationally related to the important State objectives of providing immediate financial assistance to those in need, identifying their potential eligibility for Federal benefits, assisting them in obtaining eligible Federal benefits and recouping moneys where possible to protect the financial integrity of the system which is called upon to assist so many.
Furthermore, it is inappropriate to assume, as the court apparently did in Matter of Neff v Perales (supra), that an eligible SSI applicant could have received the same special needs grants if she were an SSI recipient. If a person is an SSI recipient, the Federal benefits provided to him/her in a partic *973 ular month may be sufficient to cover the cost of items for which a special needs grant is sought. In the instant case, the total amount of the nonrecurring, special needs grants provided to petitioner over a six-year period equaled $1,338.38. This averages out to approximately $18.58 per month. If petitioner’s SSI eligibility had been determined more quickly, and if she had already received her lump-sum retroactive award and if she, thereafter, sought additional State benefits, then her receipt of the lump-sum Federal benefits may have resulted in her ineligibility for additional State benefits (see, 18 NYCRR 397.4 [c]). Thus, it cannot be said that, but for the Federal authorities’ failure to approve petitioner’s SSI application sooner, she would have been entitled to receive the same special needs grants without being subject to recoupment.
Finally, there is ample reason why the law seeks to recoup interim assistance from SSI applicants, but not from SSI recipients. The applicant has the clear potential to receive a large lump-sum retroactive payment from a convenient and reliable source, and this lump sum is not immediately needed by the applicant to cover current expenses. On the other hand, a recipient receives only monthly payments, and these payments are calculated to cover current monthly expenses. Thus, if the recipient is forced to disgorge this month’s SSI benefits to repay last month’s special needs grants, he/she will thereby be without the financial resources to cover the current month’s expenses. The cycle would perpetuate to the detriment of all.
Thus, the system as designed and implemented seeks to provide the maximum benefits to the most people by recouping benefits when it is equitable and cost effective to do so, but not where recoupment would be inequitable and ineffective. This procedure is reasonably and rationally related to legitimate State objectives, and, therefore, does not violate State or Federal equal protection rights.
DUE PROCESS
In petitioner’s third cause of action, she contends that it is unclear what the "budget deficit” and "special needs” grants actually represent, thus respondent contends her property was taken without adequate notice in violation of her Federal right to due process under the Fourteenth Amendment.
Interestingly, petitioner apparently knew what these moneys were for when she applied for and received them. In any *974 event, her receipt of home relief moneys was conditioned upon her agreement to permit recoupment of all interim assistance provided to her from the initial payment of SSI benefits. She was entitled to and did receive an accounting in conformity with the requirements contained in 18 NYCRR 370.7 (c) (4). This accounting adequately apprised her of the amount and nature of the deductions made. She was entitled to and did receive a statutory fair hearing and was given ample opportunity to be heard at such hearing. The court finds that these procedures complied in all respects with constitutional due process requirements.
CONCLUSION
The respondents’ interpretation of the statutes and regulations is reasonable and rational. The disparity of treatment between SSI applicants and SSI recipients is rationally related to legitimate State objectives. The administrative procedures utilized herein did not violate petitioner’s right to due process.
In accordance with the foregoing, the petition is in all respects denied without costs or attorney’s fees.
In her verified answer, respondent Glass seeks an order transferring this case to the Appellate Division pursuant to CPLR 7804 (g). Such an order would be inappropriate since petitioner does not present a substantial evidence question. Petitioner’s only objections concerned the arbitrariness and constitutionality of the administrative determination. Therefore, the application for an order of transfer is denied.