■ In the Matter of DEBORAH KRESLEIN, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [612 NYS2d 689] — Mercure, J. Appeal (transferred to this Court by order of the

---

Appellate Division, Second Department) from a judgment of the Supreme Court (Scarpino, Jr., J.), entered January 9, 1992 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Commissioner of Social Services upholding the recoupment of all home relief grants provided to petitioner during the pendency of her application for Federal Supplemental Security Income benefits.

In October 1980 petitioner, a recipient of benefits under the State Home Relief Program (see, Social Services Law § 157), applied to the Social Security Administration for Supplemental Security Income (hereinafter SSI) benefits. During the pendency of her application, petitioner continued to receive payments from the Westchester County Department of Social Services (hereinafter County Department). In April 1990, petitioner received a retroactive SSI award of $31,358.60. Pursuant to an authorization that petitioner had earlier signed, the moneys were forwarded directly to the County Department, which withheld $27,580.39 to recoup moneys it had paid to petitioner during the pendency of her application. In this proceeding, petitioner challenges only the County Department's withholding of $1,338.38 in "special needs grants" that had been given to petitioner for moving expenses, furniture storage, special needs and for a budget deficit, a determination upheld by respondent State Commissioner of Social Services (hereinafter State Commissioner) on administrative appeal.

Recognizing the considerable deference to be afforded the construction given statutes and regulations by the agency responsible for their administration, we conclude that there is a rational basis for the State Commissioner's determination that special grants made under the Home Relief Program qualify as "interim assistance"* that a State social services agency may recoup from a retroactive SSI award pursuant to 42 USC § 1383 (g) (1) (see, Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Goodwin v Perales, 120 AD2d 527, appeal dismissed 68 NY2d 806, lv denied 69 NY2d 603). We accordingly affirm Supreme Court's judgment dismissing the proceeding. Under New York's statutory and regulatory scheme, all Home Relief Program benefits paid to a recipient during the pendency of an SSI application are subject to recoupment as "interim assistance" (see, Social Services Law

---

* "[I]nterim assistance" is defined as "assistance financed from State or local funds and furnished for meeting basic needs" (42 USC § 1383 [g] [3]; see, 20 CFR 416.1902; 18 NYCRR 353.2 [a] [1]).

§ 211 [5]; § 158 [a]; 18 NYCRR former 370.7 [a] [4]; [c] [3]; 18 NYCRR part 353 [added eff Nov. 3, 1993]). Consistent therewith, petitioner executed an instrument "authoriz[ing] the [County Department] as a condition of receiving public assistance in accordance with New York State policy to deduct from that first payment an amount equal to the sum of all public assistance benefits made to or on behalf of me". Petitioner has offered no persuasive support for her contention that grants of a nonrecurring nature do not constitute recoupable "interim assistance", and the clear language of the applicable Federal and State statutes and regulations strongly favors the State Commissioner's contrary interpretation *(see, Matter of Shire v Perales,* 120 AD2d 531, *appeal dismissed* 68 NY2d 806, *lv denied* 69 NY2d 603).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs. *[See,* 152 Misc 2d 969.]