■ In the Matter of LINDA MAFFIA, Appellant, v MICHAEL DOWLING et al., Respondents. [629 NYS2d 266] —In a proceeding, *inter alia,* pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the New York State Department of Social Services dated July 23, 1993, as, after a hearing, upheld the recoupment by the Nassau County Department of Social Services of a child visitation allowance that was paid to the petitioner while her application for Supplemental Security Income benefits was pending, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Segal, J.), entered March 15, 1994, which denied the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner challenges the respondent Nassau County Department of Social Services' recoupment of a child visitation allowance that was paid to her while her application for Federal Supplemental Security Income (hereinafter SSI) benefits was pending.

For purposes of interpreting the State's Social Services Law, State law rather than Federal law controls *(see, Matter of Kreslein v Perales,* 152 Misc 2d 969, *affd* 204 AD2d 942). Pursuant to the State regulations governing Home Relief, an allowance for a household member who returns home for a visit is permitted *(see,* 18 NYCRR 352.29 [f]). Accordingly, child visitation allowances are a component of Home Relief, and all Home Relief benefits that are paid to a recipient of public assistance while her application for SSI benefits is pending are subject to recoupment as interim assistance pursuant to 18 NYCRR 353.2 (a) (1) *(see, Matter of Kreslein v Perales, supra;* Social Services Law § 158 [a]; 18 NYCRR former 370.7 [a] [4]; [c] [3]; 18 NYCRR part 353). Thus, the determination of the Commissioner of the New York State Department of Social Services upholding recoupment of the child visitation allowance that was paid to the petitioner in this case is both rational and in accordance with the applicable statutes and regulations *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Goodwin v Perales,* 120 AD2d 527). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.