[741 NYS2d 4]

In the Matter of JAMES STEVENS et al., Respondents, v BRIAN WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Appellants.

First Department, March 19, 2002

## APPEARANCES OF COUNSEL

*Lisa Isaacs* of counsel (*Tracy L. Welsh* on the brief; *Carl O. Callender, Queens Legal Services Corp.*, attorney), for respondents.

*Ann P. Zybert* of counsel (*Michael S. Belohlavek* on the brief; *Eliot Spitzer, Attorney General* of State of New York, attorney), for State appellant.

*Alan G. Krams* of counsel (*Kristin M. Helmers* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for City appellant.

## OPINION OF THE COURT

WILLIAMS, P.J.

The issue on this appeal, a matter of first impression in this Court, is whether appellant's lump-sum accounting method for computing its reimbursements under the Interim Assistance Reimbursement (IAR) program is based on a rational interpretation of the applicable provisions of the Social Security Act, the New York Social Services Law and a 1994 administrative decision by the Secretary of the United States Department of Health and Human Services (HHS) that limited IAR to interim assistance payments made in months for which the recipient was later found eligible for Supplemental Security Income (SSI).

The governmental scheme for providing financial assistance to aged or disabled indigent persons involves a collaboration between federal, state and local agencies. While the Social Security Act, administered by the Social Security Administration (SSA), is the ultimate source of funds via its SSI benefits program, an applicant for SSI is often in need of assistance in the sometimes lengthy interim between application for and receipt of SSI. To address this need, Congress amended section 1631 of the Social Security Act (42 USC § 1383 [g]) as a means of encouraging states to provide interim public assistance to

such applicants (see, Matter of Baez v Bane, 89 NY2d 1, 10-11). This provision created the IAR program, which allows state and local social services agencies to recoup any interim payments they make to a successful SSI applicant from the applicant's first SSI payment, which is made directly to a participating state or local agency in the form of a check for benefits retroactive to the time of application. The local agency then computes its reimbursement by comparing the aggregate interim assistance (IA) paid with the aggregate retroactive SSI payment and deducting the aggregate IA. Thereafter, the agency is obligated to pay any excess to the successful applicant/recipient within 10 working days of receipt (42 USC § 1383 [g] [4] [A]; 18 NYCRR 353.2). This procedure for calculating the reimbursement accomplishes a second important policy goal of the statute which is to prevent benefits recipients from receiving windfalls, i.e., redundant payment of benefits (see, Baez v Bane, supra at 9, 13).

Under New York State's Safety Net Assistance (SNA) program (Social Services Law § 158 [1], [2]; 18 NYCRR 370.2 [b] [5]), SSI applicants living in New York City, such as petitioners, receive their interim assistance payments through the New York City Human Resources Administration (HRA). An applicant is required to sign a form authorizing the SSA to make the initial retroactive payment of SSI benefits to the state or local agency and to agree to permit said agency to reimburse itself for IA provided during the period of time the recipient was found to be eligible for SSI (Social Services Law § 211 [5]; § 158 [2]; 18 NYCRR 353.2).

This action is a consolidation of two CPLR article 78 proceedings brought by petitioners-respondents James Stevens and Robert Wiley, respectively, who are recipients of federal SSI and former recipients of interim public assistance through the HRA. Stevens received $14,567.80 and Wiley received $4,369 in SNA/IA payments while their SSI applications were pending. In some months, each received more from SNA than they would have received from SSI, and in other months, less. Wiley did not receive any SNA for July-September 1996, but his SSI retroactive payment did include benefits for that period.

When appellants, the Commissioners of the New York State Office of Temporary and Disability Assistance (OTDA) and of the HRA, received Stevens's $11,480 check for retroactive SSI benefits, they determined that there were no excess funds due him. In the case of Wiley's $4,564.67 check, they determined that he was owed $195.67. Stevens and Wiley each requested a

fair hearing at OTDA to contest these determinations. Their contention at the fair hearings was that appellants should have broken down the SSI retroactive payment into the amount received for each month and compared it to the SNA payments received for the same month, instead of simply comparing the SSI total to the SNA total. If calculated this way, Stevens argued that he was entitled to $1,744 and Wiley argued that he was entitled to an additional $1,671.67. Each claim was rejected at the fair hearing and each brought a CPLR article 78 proceeding seeking relief from the OTDA decision.

The article 78 proceedings were heard by the same Justice in Supreme Court, New York County. That court granted Stevens's petition, annulled the OTDA determination and ordered that the reimbursement withheld from Stevens's retroactive SSI benefits be recalculated on a month-to-month basis such that appellants would not be reimbursed in any month for SNA payments made in excess of the SSI payment for that month, but that Stevens should be reimbursed for the surplus in any month where he received a larger payment from SSI than SNA. The court held that an administrative decision by the Secretary of the United States Department of Health and Human Services, *In re New York State Department of Social Services* (No. 1429 [Dec. 5, 1994] [the HHS decision]), mandated a month-to-month comparison of SNA and SSI payments in calculating IA reimbursement, and that a New York Court of Appeals decision, *Matter of Rodriguez v Perales* (86 NY2d 361), required "considerable deference" to the HHS decision and the rejection of appellants' policy concern that a month-to-month analysis would result in a windfall to recipients.

Subsequently, the court denied appellants' motion to renew and reargue in Stevens's case, then granted the Wiley petition the same relief as in *Stevens*, for the reasons set forth in *Stevens*, and consolidated the two cases under one index number.

"It is settled that 'the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld' (*Matter of Howard v Wyman*, 28 NY2d 434, 438 [additional citations omitted]). Deference to such construction is appropriate where the language used in the statute is special or technical and does *not consist of common words of clear import* [citation omitted]. In addition, deference to an agency's construction of a statute is warranted '[w]here the interpretation of a statute or its application involves knowledge and understanding of underlying

operational practices' (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459)" (*Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353, 359-360).

The Supreme Court erred in annulling the decisions and in imposing its own interpretation of the statutes, regulations and decisions at issue instead of deferring to the rational construction accorded them by the agencies responsible for administering the IAR program. The court's interpretation renders material portions of these provisions meaningless, discounts the agencies' practical experience in administering the program, and is inconsistent with the underlying policy goals of the program.

Essentially, the Supreme Court erred by seizing upon two elements of the HHS decision, expanding them beyond their proper context, and applying them to the case at bar. In the first instance, where the HHS Secretary held that IAR could only be claimed from the initial retroactive SSI payment, even if there was a subsequent retroactive payment due to a recalculation of retroactive benefits, the court also looked to *Rodriguez v Perales* (86 NY2d 361), which referred to the HHS decision and reached the same holding. The *Rodriguez* decision and the HHS decision were based on language at 42 USC § 1383 (g) (2) deemed controlling, i.e., that the SSI funds available for IAR are those owed "at the time the Commissioner of Social Security makes the first payment of benefits" (*Rodriguez, supra* at 365). The *Rodriguez* Court went on to hold that one of the policies underlying 42 USC § 1383 (g), avoiding windfalls to SSI recipients, had to yield in that case to the clear language of the statute and the HHS interpretation of that language (*Rodriguez, supra* at 368). The Supreme Court improperly applied that holding to the instant case where there is no issue of a subsequent retroactive payment and there is no controlling statutory language to support an abrogation of the anti-windfall policy.

In the second instance, the HHS decision held that the language of 42 USC § 1383 (g) (3), defining "interim assistance" in the instant context as "assistance financed from State or local funds and furnished for meeting basic needs (A) during the period, beginning with the month following the month in which the individual filed an application for benefits * * * for which he was eligible for such benefits" mandated that reimbursement could not be paid for months where the recipient is found ineligible for SSI. The Supreme Court erroneously expanded

the concept of month-to-month determination of SSI eligibility into a month-to-month comparison of SSI benefits to SNA/IA benefits for purposes of reimbursement, even though it expressly acknowledged that the eligibility question was not relevant to the instant case.

In arriving at its formulation, the Supreme Court ignored, among other things: long-settled Second and Third Department precedents holding that appellants' reimbursement method does not deny equal protection under the Federal and State Constitutions, and that their interpretation of the Social Security Act and the Social Services Law was "both rational and in accordance with the express language of the applicable statutes and regulations" which "do not require a month-by-month recoupment analysis" (*Matter of Goodwin v Perales*, 120 AD2d 527, 528 [2d Dept], *appeal dismissed* 68 NY2d 806; *Matter of Giordano v Perales*, 124 AD2d 585 [2d Dept]; *Matter of Vitarelle v Amrhein*, 128 AD2d 885 [2d Dept]; *Matter of Maffia v Dowling*, 216 AD2d 568 [2d Dept], *lv denied* 86 NY2d 711; *Matter of Shire v Perales*, 120 AD2d 531 [2d Dept], *appeal dismissed* 68 NY2d 806; *Matter of Kreslein v Perales*, 204 AD2d 942 [3d Dept]); the SSA Comment noted in the HHS decision at footnote 9 ("SSA has never maintained that the law requires an equivalence between the amount of interim assistance and the amount of SSI for which the individual is eligible, but only that the individual be *eligible* for SSI for any month in which interim reimbursement is sought"); and the October 13, 2000 letter of Beatrice Disman, Regional Commissioner of SSA (advising appellant Commissioner of OTDA that "[the SSA Office of General Counsel] ha[s] determined that your interpretation of the [HHS decision] is correct. The State is allowed to 'recover the aggregate amount of assistance it had given during the interim period from the aggregate amount of SSI given during the period' *except* for months in which no SSI payment is made"). Supreme Court also ignored that, contrary to principles of statutory construction, its interpretation would render some of the statutory and regulatory language meaningless (*see, Matter of Albano v Kirby*, 36 NY2d 526, 530), such as the key phrase "during the period" (42 USC § 1383 [g] [3] [A]; 18 NYCRR 353.2 [a] [1] [i]), and that there was an absence of statutory language supporting a monthly calculation of the reimbursement.

We reject petitioners' contention that certain of the SNA benefits they received for rental arrears and related assistance should be recategorized as Emergency Assistance to Adults

(EAA) program benefits, instead of interim assistance, and therefore not recouped. This contention, raised for the first time on appeal, is not preserved for our review (*see, Wolkstein v Morgenstern*, 275 AD2d 635, 637; *Murray v City of New York*, 195 AD2d 379, 381), and is, in any case, without merit. Unlike SNA, EAA requires that the recipient be eligible for SSI benefits at the time the EAA application is made; merely applying for, or a retroactive determination of, SSI eligibility does not create EAA eligibility (*see, Shortsleeve v Perales*, 1985 US Dist LEXIS 12348 [SD NY, Dec. 26, 1985]).

Accordingly, the two orders and judgments of the Supreme Court, New York County (Eileen Bransten, J.), entered April 28, 2000 (Stevens) and January 9, 2001 (Wiley), respectively, which, inter alia, annulled the respective decisions of the OTDA after a fair hearing upholding the appellants' "lump sum" method of computing reimbursements under the IAR program (42 USC § 1383 [g]) and directed that IAR be computed on a month-to-month basis, should be reversed, on the law, without costs, the fair hearing determinations confirmed and the petitions dismissed. The appeal from the order of the same court and Justice, entered November 21, 2000, which denied renewal and reargument of the April 28, 2000 order and judgment, should be dismissed, without costs, as subsumed in part within the appeal of the two orders and judgments and otherwise as nonappealable.

TOM, ROSENBERGER, WALLACH and MARLOW, JJ., concur.

Orders and judgments, Supreme Court, New York County, entered April 28, 2000 and January 9, 2001, respectively, which, inter alia, annulled the respective decisions of the New York State Office of Temporary and Disability Assistance after a fair hearing upholding the appellants' "lump-sum" method of computing reimbursements under the Interim Assistance Reimbursement program (42 USC § 1383 [g]) and directed that the Interim Assistance Reimbursement be computed on a month-to-month basis, reversed, on the law, without costs, the fair hearing determinations confirmed and the petitions dismissed. Appeal from order, same court, entered November 21, 2000, which denied renewal and reargument of the April 28, 2000 order and judgment, dismissed, without costs, as subsumed in part within the appeal of the two orders and judgments and otherwise as nonappealable.