■ In the Matter of ALVIN SHUFORD, Appellant, v JASON TURNER, as Administrator of the New York City Human Resources Administration, Respondent, et al., Respondent. [779 NYS2d 185]—

Judgment (denominated an order), Supreme Court, New York County (Herman Cahn, J.), entered October 29, 2002, which denied the petition and dismissed this CPLR article 78 proceeding to recover Supplemental Security Income (SSI) payments, unanimously affirmed, without costs.

Petitioner's argument that respondent New York City Human Resources Administration (HRA) received a "windfall" because it reimbursed itself for four months during which it made no interim assistance payments to him is precluded by *Matter of Stevens v Wing* (293 AD2d 49 [2002], *lv denied* 98 NY2d 616 [2002]). Contrary to petitioner's claim, his case is indistinguishable from *Stevens*, where one of the petitioners in that case "did not receive any [interim assistance] for July-September 1996, but his SSI retroactive payment did include benefits for that period" (*id.* at 51). HRA would receive a "windfall" only under the month-to-month method of accounting; under the lump-sum method, which was approved in *Stevens*, HRA is simply reimbursing itself for all the money that it spent on petitioner.

To the extent petitioner is arguing that some of HRA's interim assistance payments were not provided to meet his basic needs, his argument is unpreserved (*see e.g. Gregory v Town of Cambria*, 69 NY2d 655, 657 [1986]). In any event, it is unavailing. The definition of "[p]ayments for basic needs" includes safety net assistance (*see* 18 NYCRR 353.2 [a] [2] [i]). On the form requesting a fair hearing, petitioner implicitly acknowledged that he had been receiving safety net assistance.

Petitioner's contention that HRA's September 1999 payment

may have been for rent arrears is unpreserved (*see Gregory, supra*). His argument that HRA's payments for October-December 1999 and February-March 2000 were "inordinately high" is likewise unpreserved. Petitioner waived the argument that HRA failed to explain these payments because he declined the Administrative Law Judge's offer to adjourn the hearing until HRA could provide a more informed representative.

Petitioner's claim that the September 1999 payment may have been a correction for an underpayment outside the reimbursement period rests on sheer speculation. Petitioner gave no testimony to that effect at the hearing, and there is no evidence that petitioner, who was represented by counsel below, requested his case file from HRA before the hearing, even though he could have done so (*see* 18 NYCRR 358-3.7 [a] [1]; 358-4.2 [d]).

Because we previously dismissed petitioner's appeal against the New York State Office of Temporary and Disability Assistance (OTDA), we decline to consider his argument that he was denied due process at the OTDA hearing (*see e.g. Matter of Holland v New York City*, 271 AD2d 609, 610 [2000]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.