*798 Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, A.J.), entered August 11, 2010 in a proceeding pursuant to the Election Law. The order dismissed the petition.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order dismissing his petition seeking, inter alia, to strike the specific objections to his designating petition for the office of Herkimer County Coroner District No. 4 on the ground that Herkimer County Board of Elections (respondent) lacked jurisdiction to address those objections (see generally Election Law § 6-154 [2]). We affirm. Contrary to the contention of petitioner, neither the objector nor respondent was required to give him notice of the specific objections before respondent made its determination and invalidated petitioner’s candidacy, inasmuch as respondent never adopted such a rule (see id.; 9 NYCRR 6204.1; Matter of Grancio v Coveney, 60 NY2d 608, 610 [1983]; cf. Matter of Zogby v Longo, 154 AD2d 889 [1989]).
The further contention of petitioner that his constitutional right to due process was violated is not preserved for our review because the due process issue raised in the petition is based only on 9 NYCRR 6204.1 (see generally Matter of Tower v McCall, 257 AD2d 973, 974 [1999]). In any event, that contention lacks merit. Petitioner was not entitled to any greater due process than that provided by the statutory process for judicial review of respondent’s determination pursuant to Election Law § 16-102 (1) (see Matter of Meader v Barasch, 133 AD2d 925, 926-927 [1987], lv denied 70 NY2d 611 [1987]; see generally Snowden v Hughes, 321 US 1, 3-7, reh denied 321 US 804 [1944]; Douglas v Niagara County Bd. of Elections, US Dist Ct, WD NY, No. 07-CV-609A, Arcara, Ch. J., 2007), and petitioner took advantage of that process. Finally, petitioner waived his contention concerning the identity of the specific and general objectors when he failed to pursue the offers of respondent and Supreme Court to conduct a factual hearing on that issue (see generally Andrew v Hurh, 34 AD3d 1331 [2006], lv denied 8 NY3d 808 [2007], rearg denied 8 NY3d 1017 [2007]; Matter of Shuford v Turner, 8 AD3d 182 [2004]). Present—Martoche, J.P., Peradotto, Bindley, Pine and Gorski, JJ.