■ Everene Smith, Appellant, v Berman Brito et al., Respondents. [804 NYS2d 82]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 15, 2004, which granted defendant Brito's motion and defendant Fall's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Based upon reports from an orthopedist and a neurologist diagnosing plaintiff with a resolved cervical and lumbar strain and full cervical and lumbar ranges of motion, defendants met their initial burden as summary judgment movants to demonstrate, prima facie, that plaintiff had not sustained serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff did not meet her consequent burden (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Shinn v Catanzaro, 1 AD3d 195, 197 [2003]). Her medical submissions failed to establish a causal connection between the cervical and lumbar disc bulges and lumbar disc herniation indicated on her MRIs and the subject automobile accident (see Dubois v Simpson, 182 AD2d 993, 995 [1992]). In addition, plaintiff's medical submissions, as they bore upon and purported to substantiate her claimed range of motion impairment, failed to satisfy the requirement that there be some objective basis for a finding of such impairment (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). Plaintiff's claim of serious injury is also fatally undermined by virtue of her failure to explain notable gaps in her treatment for the alleged injuries (see Pommells v Perez, 4 NY3d 566, 574 [2005]). Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.