■ BESSIE TAYLOR, Appellant, v NICHOLAS TERRIGNO, Respondent. [812 NYS2d 50]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered November 23, 2004, which granted defendant's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered June 6, 2005, which denied plaintiff's motion to renew, unanimously affirmed, without costs.

Defendant satisfied his initial burden on the motion of demonstrating, prima facie, that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). He submitted the reports of an orthopedic surgeon, who found that plaintiff's neck and back were normal and that the status of her right shoulder was post-surgery with some residual stiffness and weakness, and a neurologist, who found no objective neurological disability or permanency and diagnosed plaintiff's condition as "subjective shoulder pain" (see Smith v Brito, 23 AD3d 273 [2005]). In opposition to the motion, plaintiff, who did not plead or attempt to prove that she sustained a serious injury under the 90/180-day category, failed to meet her burden of raising a material issue of fact (see id.) with the medical submissions that contained no numerical ranges of motion, did not describe the qualitative nature of plaintiff's limitations and did not identify the objective tests used in making a diagnosis (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). The new physician's affirmation that plaintiff submitted on her motion to renew was also deficient because, while it set forth measurements for loss of range of motion for plaintiff's right shoulder, it did not identify the objective tests performed in deriving those measurements (see Brown v Dunlap, 6 AD3d 159, 160-161 [2004], revd on other grounds sub nom. Pommells v Perez, 4 NY3d 566, 575-578 [2005]). Accordingly, the motion to renew was properly denied (CPLR 2221 [e] [2]). Unexplained

gaps in plaintiff's treatment are also fatal to her claim of serious injury (*see Pommells,* 4 NY3d 566, 574 [2005]; *Agramonte v Marvin,* 22 AD3d 322 [2005]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.