■ Clara Vasquez et al., Appellants, v Eduardo Reluzco et al., Respondents. [814 NYS2d 117]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 24, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In opposing summary judgment, plaintiffs never argued the deficiency of the defense neurologist's reports before the motion court. Their argument in this regard is thus unpreserved for appellate review (*Matter of Stevens v Wing*, 293 AD2d 49, 55 [2002], *lv denied* 98 NY2d 616 [2002]; *Murray v City of New York*, 195 AD2d 379, 381 [1993]), and we decline to review it. Were we to do so, we would find that defendants satisfied their initial burden of demonstrating, prima facie, that plaintiffs had not sustained serious injuries within the meaning of Insurance Law § 5102 (d). Defendants submitted affirmed reports of a neurologist who examined both plaintiffs and diagnosed them as "normal," finding no spasm, full range of motion of their cervical spines, and negative straight-leg raising as to their lumbar spines.

Plaintiffs failed to meet their consequent burden to demonstrate they had sustained serious injuries as defined in the statute (*Franchini v Palmieri*, 1 NY3d 536 [2003]). Their medical submissions, while setting forth numerical ranges of motion of plaintiffs' cervical and lumbosacral spines, were deficient in failing to specify what objective tests, if any, their doctor performed to get such measurements, or what the normal range of motion should be. Plaintiffs' doctor failed to explain the significance, if any, of his findings that they both had positive straight-leg-raising tests (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326 [2005]). To raise a triable issue of fact, those positive findings had to be accompanied by objective findings of either a specific percentage of the loss of range of motion or a sufficient description of the qualitative nature of plaintiffs' limitations based on the normal function, purpose and use of the body part (*id.*; *Bent v Jackson*, 15 AD3d 46, 49 [2005]).

Plaintiff Vasquez's failure to offer an explanation for her cessation of treatment more than three years ago undermines her claim of serious injury (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Unexplained gaps in plaintiff Paceco's treatment are fatal to his claim of serious injury (*Smith v Brito*, 23 AD3d 273 [2005]). Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.