(May 9, 2006)

■ JUAN RIVERA, Respondent, v CHRISTOPHER BENAROTI et al., Appellants, et al., Defendant. [815 NYS2d 44]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about August 19, 2005, which granted plaintiff's motion to reargue and upon reargument vacated its prior order, dated March 28, 2005, which had granted defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a serious injury, unanimously modified, on the law, defendants' motions granted, the complaint dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In this personal injury action arising from a three-car automobile accident, we determine whether plaintiff has provided objective medical evidence sufficient to raise a triable issue of fact as to whether he suffered a "serious injury" as required by Insurance Law § 5102 (d), and admissible evidence sufficient to raise a triable issue of fact as to causation (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Pommells v Perez*, 4 NY3d 566, 572 [2005]). While the IAS court properly granted plaintiff's motion to reargue, we modify the appealed order to grant defendants' motion for summary judgment since plaintiff has failed to satisfy the statutory proof requirements of serious injury.

A motion for reargument is addressed to the discretion of the court. The IAS court believed that it had overlooked the affirmation of plaintiff's treating orthopedic surgeon, Dr. Robert Goldstein, when it earlier granted defendants' motion for summary judgment, and since there is nothing in the record to indicate that the IAS court's belief was incorrect, the court was well within its discretion to grant reargument. Even when Dr. Goldstein's affirmation is considered, however, it is clear that plaintiff has failed to satisfy his burden of raising an issue of fact on whether he sustained serious injury.

Plaintiff was a back seat passenger in the second of three cars driving south on the FDR Drive very slowly in the right lane, when the first two cars came to a complete stop and the third car rear-ended the car in which plaintiff was riding. As a result of this accident, plaintiff was treated for complaints of pain in his back, neck and jaw with a soft cervical collar, and was prescribed pain killers and several months of physical therapy. In the week following the accident, plaintiff began brief treatment with Dr. Goldstein, who, based on an MRI, noted a herniation at L3-4 and nerve impingement on the L4 nerve as well as limited ranges of motion in his lumbar spine. At the time, plaintiff was employed as a waiter at the Regency Hotel. De-

spite the injuries allegedly sustained in this low-speed rear-end accident, plaintiff only missed 17 days of work.

Plaintiff conceded that defendants satisfied their burden of proof on their motions for summary judgment on the issue of serious injury, so the burden then shifted to plaintiff to show a triable issue of fact (see *Thompson v Abbasi*, 15 AD3d 95, 97 [2005]; *Brown v Achy*, 9 AD3d 30, 31 [2004]). Defendants' expert, Dr. Golden, determined, based on specific tests, that plaintiff had a full range of motion and that any injuries which may have resulted from the accident were resolved. Dr. Goldstein's affirmation, prepared more than 19 months after plaintiff last sought treatment, did not contradict Dr. Golden's findings, which were rendered months after Dr. Goldstein treated plaintiff. Dr. Goldstein did assign specific percentages to the limitations in range of motion found when earlier treating plaintiff but did not indicate the specific tests which had produced such percentages. While Dr. Goldstein may well have relied on plaintiff's subjective complaints of pain, that would not provide a sufficient basis to defeat defendants' summary judgment motion (see *Taylor v Terrigno*, 27 AD3d 316 [2006]; *Villalta v Schechter*, 273 AD2d 299, 300 [2000]). Plaintiff's unexplained lengthy period without treatment further supports the conclusion that he did not sustain a serious injury as a result of this accident (see *Pommells*, 4 NY3d at 574; *Quezada v Luque*, 27 AD3d 205 [2006]). We have considered plaintiff's other contentions and find them to be without merit. Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.