■ SHAWNTRIQUE HERNANDEZ et al., Respondents, v GABRIEL ALMANZAR et al., Appellants. [821 NYS2d 30]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered June 30, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The first-named plaintiff seeks to recover for "serious injury" within the meaning of the No-Fault Law (Insurance Law § 5102 [d]) that she allegedly suffered in an automobile accident on February 9, 2002. In support of their motion for summary judgment, defendants submitted reports of an orthopedist and a neurologist, each of whom opined, based on his examination of plaintiff, that she had not suffered a serious injury within the meaning of the statute. Defendants also submitted the transcript of plaintiff's deposition, at which she acknowledged that, besides the February 2002 accident, she had been injured in two other automobile accidents, in October 1999 and January 2003. Plaintiff opposed defendants' motion with the affirmed report of neurologist Dr. Aric Hausknecht, dated April 19, 2005. Based on his examination of plaintiff, Dr. Hausknecht reported certain alleged range-of-motion deficits due to neck and back injuries he attributed to the February 2002 accident. Although Dr. Hausknecht acknowledged that plaintiff had been injured in the October 1999 and January 2003 accidents, he did not explain the basis for his claim that the deficits he allegedly found in April 2005—more than three years after the subject accident in February 2002—were proximately caused by that accident, rather than by the October 1999 accident, and were only exacerbated (not caused in the first instance) by the January 2003 accident. Accordingly, plaintiff failed to come forward with evi-

dence sufficient to prove "a serious injury *causally related* to the [subject] accident" (*Pommells v Perez*, 4 NY3d 566, 579 [2005] [emphasis added]).

To the extent Dr. Hausknecht's conclusions were based on the unaffirmed reports of plaintiff's treating physicians, such reports do not constitute admissible evidence, and therefore do not suffice to defeat a well-supported summary judgment motion. The defense experts' review of such unaffirmed reports (as noted in their reports) did not open the door to plaintiffs' reliance on them, since defendants did not submit such reports in support of the motion, nor did their experts rely on them in forming their conclusions. In any event, such reports, which were created within two months after the February 2002 accident, are not probative of the existence of a permanent injury.

Finally, plaintiff's proof was also insufficient to raise a triable issue as to whether she was prevented from performing substantially all of her usual activities for at least 90 of the first 180 days following the subject accident. In this regard, we note that plaintiff testified that she missed only two to three weeks of class as a result of the accident. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.