■ ANTHONY MILAZZO et al., Appellants, v JEAN CHARLES GESNER et al., Respondents. [822 NYS2d 49]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 25, 2005, which granted the motion by defendants Gesner and Alexandre and the cross motion by defendant Mayer for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs failed to set forth sufficient evidence to demonstrate a question of fact that they had sustained serious injuries as defined in Insurance Law § 5102 (d). Their medical submissions did not specify who had performed the range-of-motion tests on each plaintiff's cervical and lumbar spine, when they were performed, the objective nature of the tests, what the normal range of motion should be and whether plaintiffs' limitations were significant (*see Vasquez v Reluzco*, 28 AD3d 365, 366 [2006]; *Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 327 [2005]).

Although plaintiffs' MRIs revealed positive findings, in order to raise a triable issue of fact, those positive findings must be accompanied by objective findings of either a specific percentage

of the loss of range of motion or a sufficient description of the qualitative nature of the limitations based on the normal function, purpose and use of the body part (*id.*). Plaintiffs' submissions met neither standard.

Neither plaintiff offered any reasonable explanation for failure to seek treatment for nearly three months after the accident, or for choosing to terminate treatment more than three years ago. Such unexplained gaps in treatment seriously undermine plaintiffs' claims of serious injury (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Rivera v Benaroti*, 29 AD3d 340, 342 [2006]). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Gonzalez, JJ.