■ SHIRLEY HENRY et al., Appellants, v WILLIAM RIVERA et al., Respondents. [824 NYS2d 282]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered November 18, 2005, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants satisfied their initial burden by establishing, prima facie, that none of the plaintiffs sustained "serious injury" within the definition of Insurance Law § 5102 (d), and plaintiffs failed to meet their consequent burden to show, through the submission of admissible medical evidence, the existence of a triable question of fact. Plaintiffs all suffered from preexisting degenerative conditions; one of the plaintiffs suffered from diabetic neuropathy. None of the plaintiffs, however, adduced medical evidence adequately linking their purportedly disabling conditions to the subject automobile accident (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Moreover, plaintiffs never accounted for the total cessation of their treatment for the alleged serious injuries some four or five months after the accident (*see Pommells v Perez*, 4 NY3d at 574; *Agramonte v Marvin*, 22 AD3d 322 [2005]). Even if it were accepted that the accident caused plaintiffs certain cervical, dorsal or lumbosacral spine injuries, there is no objective medical proof that they endured significant resultant physical limitations, and subjective complaints are insufficient to raise a triable issue (*see Scheer v Koubek*, 70 NY2d 678, 679 [1987]; *Rivera v Benaroti*, 29 AD3d 340, 342 [2006]). Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.