(January 9, 2007)

■ RICHARD OTERO et al., Appellants-Respondents, v 971 ONLY U, INC., et al., Respondents, and FELIX A. RODRIGUEZ et al., Respondents-Appellants. [828 NYS2d 331]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 2, 2006, which, to the extent appealable, denied plaintiffs' motion to renew a prior ruling dated Septem-

ber 21, 2005, granting a motion by defendants 971 Only U and Drame for summary judgment dismissing the complaint, and restored to active status the claims against defendants Rodriguez and Garcia, unanimously modified, on the law, that portion of the order restoring the claims against Rodriguez and Garcia to active status vacated, and otherwise affirmed, without costs.

Plaintiffs failed to set forth any new facts not offered on the prior motion that would change the prior determination (CPLR 2221 [e] [2]). Even assuming they had presented new facts that were previously unavailable, they failed to demonstrate that plaintiff Richard Otero suffered a serious injury as defined by Insurance Law § 5102 (d). Plaintiffs' submission failed to explain a gap in treatment of more than a year, which is fatal to a claim of serious injury (*Pommells v Perez*, 4 NY3d 566, 574 [2005]).

Furthermore, the medical submissions failed to specify what objective tests, if any, were performed, to explain the significance of the findings of a positive straight-leg-raising test, or to set forth objective findings of either a specific percentage of the loss of range of motion or sufficient description of the qualitative nature of the limitations based on the normal function, purpose and use of the body part (*Vasquez v Reluzco*, 28 AD3d 365 [2006]). The submissions also failed to meet the statutory test of demonstrating an inability to perform substantially all of the material acts that constitute the injured plaintiff's usual and customary daily activities for 90 of the 180 days following the accident, to establish a causal connection between the MRI findings and the accident (*Smith v Brito*, 23 AD3d 273 [2005]), or to discuss the degenerative changes that the MRI revealed (*Mullings v Huntwork*, 26 AD3d 214 [2006]).

Without establishing a serious injury, plaintiffs have no basis for proceeding against any of defendants. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.