■ WAYNE A. THOMPSON et al., Appellants, v PRAHALAD RAMNARINE et al., Respondents. [835 NYS2d 566]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about January 26, 2006, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to so much of the complaint as alleges a 90/180-day injury, the complaint reinstated to that extent, and otherwise affirmed, without costs.

The report of defendants' neurologist addresses plaintiff's condition at the time of examination, nine months after the ac-

cident, and is insufficient to establish, prima facie, that plaintiff was not incapacitated from performing substantially all of his customary and daily activities for 90 out of the 180 days immediately following the accident (*see Toussaint v Claudio*, 23 AD3d 268 [2005]). However, such report, which was based on numerous specific tests, did establish, prima facie, that plaintiff's injuries had resolved and that he had full range of motion in his cervical and lumbar spine and shoulders. Although the report of plaintiff's medical expert, a neurologist who examined plaintiff 11 months after the accident, assigns specific percentages to plaintiff's limitations in range of motion, it does not indicate the specific tests conducted, and therefore fails to raise an issue of fact as to whether the reported limitations are permanent or significant (*see Taylor v Terrigno*, 27 AD3d 316 [2006]). Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.