■ Fred L. Cartha, Respondent, v Omar Quinn et al., Appellants, et al., Defendant. [856 NYS2d 581]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered November 1, 2007, which denied defendants-appellants' motion for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. Upon a search of the record, the Clerk is directed to enter judgment dismissing the complaint in its entirety.

Plaintiff's medical reports, while indicating disc and elbow injuries, do not correlate the range-of-motion measurements therein to a norm, or otherwise show how the alleged injuries to plaintiff's back and arm resulted in significant limitations in their use, and thus fail to rebut defendants' prima facie showing that plaintiff did not suffer any permanent or significant injuries as a result of the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). Although plaintiff's elbow required surgery, which was performed eight months after the accident, and he apparently missed work as a result, the record establishes that the condition was corrected by the surgery (*see Baker v Thorpe*, 43 AD3d 535 [2007]). Nor does plaintiff adduce evidence of any substantial interference with his usual and customary daily activities for 90 of the first 180 days following the accident. He returned to work immediately after the accident, and his surgery, followed by his absence from work, did not fall within the 90/180 time frame. Even if they had been substantiated, neither plaintiff's claim of a reduced work schedule following the accident (*see Lopez v Simpson*, 39 AD3d 420 [2007]), nor the minor curtailment of his usual activities during the 90/180 time frame (*see Blackmon v Dinstuhl*, 27 AD3d 241 [2006]), would satisfy the statute. Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.