■ SELENA S. HARRIS, Appellant, v ARIEL TRANSPORTATION CORP. et al., Respondents. [865 NYS2d 73]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered August 1, 2007, which granted defendants' mo-

tions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Based on specifically detailed reports from a specialist in rehabilitative medicine, two neurologists and two orthopedic surgeons, diagnosing plaintiff with resolved cervical sprain/strain and full cervical and lumbar ranges of motion, defendants met their initial burden of demonstrating, prima facie, that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff did not meet her consequent burden because her medical submissions did not satisfy the requirement that there be some objective basis for finding a significant injury or impairment (see Scheer v Koubek, 70 NY2d 678, 679 [1987]). The affidavit of her chiropractor cited cervical muscle spasms resulting in a decreased range of motion of the cervical spine, and chronic neck pain and stiffness. Medical testimony concerning observations of a spasm may constitute objective evidence in support of a serious injury; however, the spasm must be objectively ascertained (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 357 [2002]). The affidavit did not cite any objective basis for the chiropractor's conclusion that plaintiff suffered from muscle spasms or the test performed that induced the spasm. It also did not identify the objective tests utilized in deriving the measurements of the limitations of motion. The affirmation of plaintiff's neurologist was insufficient to raise a triable issue of fact in that it did not explain the factual basis for the conclusion that the limitations of motion were causally related to the accident, where the examination took place two years after the accident. Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ. [See 2007 NY Slip Op 32376(U).]