■ WILLIAM TAYLOR, Respondent, v MIGUEL A. VASQUEZ, Appellant, and CALVIN OSBORNE, Respondent. [871 NYS2d 89]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about May 13, 2008, which denied defendants' motion for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendants' medical submissions in support of their motion for summary judgment did not address plaintiff's medical condition during the 180 days following the accident. However, plaintiff's deposition testimony that he was confined to home and bed for just one or two weeks following the accident is an admission that defeats his claim that he suffered an impairment that substantially interfered with his usual and customary daily activities for 90 of the first 180 days following the accident (see Prestol v McKissock, 50 AD3d 600 [2008]; Cartha v Quinn, 50 AD3d 530 [2008], lv denied 11 NY3d 704 [2008]). This claim is also defeated by reports prepared by medical providers who found that plaintiff was able to carry out normal activities of daily living two months after the accident.

As for plaintiff's claim that he suffered a permanent or significant limitation of use of his lumbar spine, defendants met their initial burden of demonstrating the absence of such limitation by submitting the affirmed medical report of a neurologist that describes the tests he performed supporting his finding that

plaintiff had full range of motion in the cervical and lumbar spine, and his conclusion that plaintiff had recovered from the sprain/strain-type injury to the lumbar spine suffered as a result of the accident (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326 [2005]). Defendants also submitted an affirmed report of a radiologist who, upon review of the MRI taken a month after the accident, found no evidence of herniation or bulge, but identified a "bony overgrowth" at the L4-L5 intervertebral disc level that, she opined, could not have occurred in less than six months time, had no traumatic basis and was degenerative in origin. In opposition, plaintiff submitted a medical affirmation that, while asserting that plaintiff had a 20% loss of range of motion, was deficient since it failed to specify what objective tests, if any, were performed to arrive at that measurement, or what the normal range of motion should be (*see Taylor v Terrigno*, 27 AD3d 316 [2006]; *Vasquez v Reluzco*, 28 AD3d 365 [2006]). Nor did plaintiff present any evidence rebutting the opinion of defendants' radiologist that the growth shown on the MRI was a degenerative condition that had developed over time (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]). Also fatal to plaintiff's claim is the failure to explain his cessation of treatment after five months of physical therapy, acupuncture and chiropractic care (*see id.* at 574; *Vasquez v Reluzco, supra*).

Although appellant's codefendant did not file a notice of appeal from the denial of the motion for summary judgment, summary judgment should be granted in his favor as well "because, obviously, if plaintiff cannot meet the threshold for serious injury against one defendant, [he] cannot meet it against the other" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.