MAHAMADOU DEMBELE, Appellant, v PEDRO A. CAMBISACA, Respondent. [874 NYS2d 72]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered September 25, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant met his prima facie burden by demonstrating that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d) with, among other things, the affirmations of his orthopedist and neurologist (*see Brown v Achy*, 9 AD3d 30, 31 [2004]). Plaintiff's radiologist's affirmation, based on a March 2005 MRI, could not rebut defendant's orthopedist's findings of a resolved sprain, and no disability, based on a September 2006 examination (*see Thompson v Ramnarine*, 40 AD3d 360, 360-361 [2007]). Additionally, plaintiff's radiologist made no findings as to causation of the injury and did not link the torn meniscus to plaintiff's accident (*see Otero v 971 Only U, Inc.*, 36 AD3d 430, 431 [2007]; *Medley v Lopez*, 7 AD3d 470 [2004]). At any rate, the existence of a partial meniscal tear, standing alone and with no evidence of any limitations caused thereby, is not sufficient to establish "serious injury" (*see Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]; *Medina v Medina*, 49 AD3d 335 [2008]). Moreover, even if substantiated, plaintiff's complaints that, among other things, his knee hurts when he drives or walks up more than four steps, do not constitute the loss of "substantially all" of his usual activities required to make a showing of serious injury.

The affirmation of plaintiff's orthopedist also fails to raise an issue of fact as to permanent injury, as he does not explain the significance of his findings with respect to plaintiff's left knee's range of motion (ROM), or provide any comparison of his ROM findings with normal ranges (*see Otero*, 36 AD3d at 431). The orthopedist's conclusions are also inadmissible to the extent that they are based on the unsworn medical records and reports, since defendant's doctors did not submit copies of those unsworn papers with their reports, or expressly rely upon them in forming their own conclusions (*see Hernandez v Almanzar*, 32 AD3d 360, 361 [2006]).

Without any substantiating documentation or affidavit from the employer, plaintiff's vague and self-serving deposition testimony, that he did not return to work until "three or four months" after the accident, does not suffice to show a "serious injury" for purposes of the 90/180 day rule (*see Burke v Torres*, 8 AD3d 118, 119 [2004]). Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.