■ MICHELLE NGUYEN, Respondent, v YASSER ABDEL-HAMED et al., Defendants, and LEI CHANG et al., Appellants. [877 NYS2d 26]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered June 25, 2008, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted, and, upon a search of the record, the remaining defendants' motion for summary judgment granted as well. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint in its entirety.

Defendants made a prima facie showing that plaintiff suffered no permanent or significant limitation of use of her cervical, thoracic and lumbar spine, by submitting the affirmed medical report of a neurologist describing the tests he performed and setting forth the results supporting his finding that plaintiff had full range of motion in the spine and his conclusion that

plaintiff was not disabled at the time of the examination and that there was no permanency or residual effect (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *see Taylor v Terrigno*, 27 AD3d 316 [2006]). Plaintiff's chiropractor, while concluding, to the contrary, that plaintiff's injuries were permanent and significant, failed to set forth any objective basis for his findings, such as the tests he performed to measure plaintiff's range of motion (*see Toure, supra*; *Harris v Ariel Transp. Corp.*, 55 AD3d 323 [2008]; *Cartha v Quinn*, 50 AD3d 530 [2008], *lv denied* 11 NY3d 704 [2008]; *Rodriguez v Abdallah*, 51 AD3d 590, 591 [2008]).

Defendants also demonstrated that plaintiff suffered no "medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]), by submitting plaintiff's deposition testimony that she was confined to home for two weeks and missed only two or three days of work following the accident (*see Prestol v McKissock*, 50 AD3d 600 [2008]). To the extent plaintiff's opposition affidavit differs with her testimony regarding her alleged impairment during the 90/180-day period, the affidavit appears to have been tailored to avoid the consequences of her earlier testimony and is insufficient to defeat summary judgment (*see Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327 [2006]).

Upon a search of the record, the nonappealing defendants' motion is also granted (*see Lopez v Simpson*, 39 AD3d 420 [2007]). Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.