■ LARI KONFIDAN, Respondent, v FF TAXI, INC., et al., Appellants. [879 NYS2d 433]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 22, 2008, which, to the extent appealed from, denied so much of defendants' motion for summary judgment as sought dismissal of plaintiff's claims of serious permanent injury to his right shoulder and of 90/180-day injury, unanimously modified, on the law, to grant the portion of the motion seeking dismissal of plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

In opposition to defendants' prima facie showing, plaintiff submitted an orthopedic surgeon's arthroscopic report noting repairs made to tears of his labral and anterior labral right shoulder tendons and his treating physician's report, following a recent physical examination, quantifying restrictions in the range of motion of his right shoulder. This evidence constitutes sufficient objective medical proof of the degree of limitation resulting from the injury to raise an issue of fact whether plaintiff sustained a serious permanent injury to his right shoulder (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Defendants failed to raise the issue of a treatment gap in their motion papers and we decline to reach their unpreserved argument.

Plaintiff submitted no medical evidence to substantiate his claim that his injuries precluded him from engaging in substantially all his customary daily activities for 90 of the first 180 days after the accident (*see Dembele v Cambisaca*, 59 AD3d 352, 353 [2009]). Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.