■ KISHA MICKENS et al., Appellants, v OMAR KHALID et al., Respondents. [879 NYS2d 138]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 18, 2007, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury, and denied plaintiffs' cross motion for partial summary judgment on the issue of liability as moot, unanimously affirmed, without costs.

Defendants met their prima facie burden through the submission of affirmed reports of their neurologist, orthopedist and radiologist which showed that the injured plaintiff Mickens did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *Dembele v Cambisaca*, 59 AD3d 352 [2009]; *Brown v Achy*, 9 AD3d 30, 31 [2004]). In opposition, Mickens failed to raise a triable issue of fact.

While Mickens's treating orthopedist performed range of motion tests 17 months after the accident and found that her left knee flexed only to 130 degrees, he did not compare that flexion to normal range. Nor did he explain the significance of his findings, or provide a sufficient description of the qualitative nature of the limitations based on the normal function and use of the knee (*see Gorden v Tibulcio*, 50 AD3d 460, 464 [2008]; *Otero v 971 Only U, Inc.*, 36 AD3d 430, 431 [2007]; *Vasquez v Reluzco*, 28 AD3d 365, 366 [2006]).

Furthermore, Dr. Kramer's opinion that Mickens sustained a torn meniscus, is not supported by objective medical evidence. He also did not explain the basis for his conclusion that Mickens's condition was causally related to the accident. His conclusory statement was not sufficient to establish the necessary causation (*see Migliaccio v Miruku*, 56 AD3d 393 [2008]; *Smith v Brito*, 23 AD3d 273 [2005]). Nor did Dr. Kramer rebut defendants' radiologist's finding that plaintiff had a "[d]evelopmental abnormality of the patellofemoral compartment" (*see Reyes v Esquilin*, 54 AD3d 615 [2008]).

Plaintiffs' claim that Kisha Mickens was unable to perform her usual and customary activities during the 90/180 day period is not supported by objective medical proof (*see Valentin v Pomilla*, 59 AD3d 184, 186-187 [2009]; *Taylor v Vasquez*, 58 AD3d 406, 407 [2009]; *Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]). Furthermore, their claim is at odds with that asserted in the bill of particulars. Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.