■ CAIN LOPEZ, Appellant, v ABDUL ABDUL-WAHAB et al., Respondents. [889 NYS2d 178]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 8, 2008, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the Insurance Law, unanimously affirmed, without costs.

Plaintiff was 28 years old at the time of the motor vehicle accident, in December 2004, in which he allegedly sustained injuries to his cervical and lumbar spine and left shoulder. Defendants established their prima facie entitlement to judgment that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) by submitting medical affirmations stating that no evidence of recent trauma was found on plaintiff's diagnostic films, and reporting normal ranges of motion in all tested body areas by specifying the objective tests they used to arrive at the measurements (such as palpation, impingement sign and straight leg raising), concluding that plaintiff's injuries were resolved without permanency (see DeJesus v Paulino, 61 AD3d 605 [2009]). Reference to plaintiff's own proof and deposition testimony sufficiently refuted the "permanence" and "significant" categories of serious injury under section 5102 (d) (see Colon v Tavares, 60 AD3d 419 [2009]). The affirmation submitted by defendants' expert radiologist was not equivocal. From her review of the MRIs, she observed preexisting disc dessication at all of the cervical and lumbar disc levels at which injuries were alleged, explaining that desiccation is a drying out of disc material that develops over time and could not have occurred so quickly after the accident (see e.g. Depena v Sylla, 63 AD3d 504, 505 [2009], lv denied 13 NY3d 706 [2009]; Jean v Kabaya, 63 AD3d 509, 510 [2009]). Any injury in the nature of an annular lumbar tear was not identified in the bill of particulars and need not be addressed by this Court (see Sharma v Diaz, 48 AD3d 442, 443 [2008]), and in any event, defendants' expert radiologist found "clear evidence of pre-existing degenerative disease in the lower lumbar spine."

In opposition to defendants' motion, plaintiff improperly relied on the unaffirmed medical reports of his treating physicians (see Grasso v Angerami, 79 NY2d 813 [1991]). The report of plaintiff's expert was, in the absence of objective, contemporaneous evidence of the extent and duration of the alleged physical limitations resulting from the injury, insufficient (cf. Ayala v Douglas, 57 AD3d 266, 267 [2008]). Even considering the unaffirmed reports, plaintiff's experts failed to address the findings

of defendants' expert radiologist, who opined that plaintiff had preexisting degenerative disease in his cervical and lower spine (*see Valentin v Pomilla*, 59 AD3d 184 [2009]). Plaintiff's deposition testimony that he was never confined to his home following the accident and missed no time from work negated his chance of establishing a 90/180-day serious-injury claim under section 5102 (d) (*see Nguyen v Abdel-Hamed*, 61 AD3d 429, 430 [2009]). Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.