■ NAOMI IKEDA, Respondent, v AZAD HUSSAIN et al., Appellants, et al., Defendants. [916 NYS2d 109]—

Order, Supreme Court, New York County (George J. Silver, J.), entered January 26, 2010, which, insofar as appealed from, as limited by the briefs, denied defendants-appellants' motion for summary judgment as to plaintiff's claims for permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted, the complaint dismissed as against defendants-appellants, and, upon a search of the record, as against codefendants as well. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The affirmed report of defendants' expert neurologist, wherein he concluded that his examination of plaintiff's lumbar spine revealed that she suffered from only a minor deficit in her range of motion, was sufficient to shift the burden of proof to plaintiff to demonstrate the existence of a triable issue of fact as to whether she had suffered a "serious" injury within the meaning of Insurance Law § 5102 (d) (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463 [2010]; *Sone v Qamar*, 68 AD3d 566 [2009]; *Style v Joseph*, 32 AD3d 212 [2006]).

Plaintiff failed to satisfy her burden. Her expert's quantitative assessment of the range of motion of her lumbar spine, conducted more than three years after the accident, failed to compare the limitation observed with any contemporaneous quantitative assessment based on objective testing at the time of the alleged injury (*see Rossi v Alhassan*, 48 AD3d 270, 271 [2008]). Thus, the expert's assessment as to plaintiff's range of motion limitation in her lumbar spine was too remote in time to warrant the inference that such limitation was caused by the

accident (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 663 [2010]).

Plaintiff's other medical reports are unsworn, and therefore insufficient to raise an issue of fact (*see Alicea v Troy Trans, Inc.*, 60 AD3d 521 [2009]).

Although codefendants Christine Brooks and Samantha Brooks sued herein as John Doe, did not file a notice of appeal from the partial denial of their cross motion for summary judgment, we find that summary judgment should nonetheless be granted in their "favor as well because, obviously, if plaintiff cannot meet the threshold for serious injury against one defendant, [she] cannot meet it against [others]" (*Taylor v Vasquez*, 58 AD3d 406, 407 [2009] [internal quotation marks omitted]). Concur—Gonzalez, P.J., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.