■ INEZ COLON et al., Respondents, v VINCENT PLUMBING & MECHANICAL Co. et al., Defendants, and VINCIO ALMONTE et al., Appellants. [925 NYS2d 458]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered July 14, 2010, which denied defendants Almonte's and Collado's motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law §§ 5102 and 5104, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of said defendants dismissing the complaint as against them.

Defendants established prima facie their entitlement to judgment as a matter of law by submitting medical evidence that plaintiffs did not sustain serious injuries and that any injuries were not caused by the accident.

Regarding plaintiff Colon, a radiologist found that an MRI of the left knee revealed no evidence of acute or recent injury and

no evidence of traumatic tear or rupture of the regional ligaments, tendons or menisci. The radiologist found degenerative changes of the lateral meniscus and patella. An MRI of the cervical spine revealed regional discogenic changes unrelated to the accident. A neurologist found some limited range of motion in the cervical spine and normal range of motion in the knee, and an orthopedist found normal range of motion in the cervical spine and knee.

In opposition, plaintiffs did not submit any medical evidence indicating that Colon's claimed cervical spine injury was causally related to the accident. Regarding the knee injury, while the orthopedic surgeon who performed arthroscopic surgery on Colon to repair a torn meniscus submitted a report indicating that the injury was the result of the accident, that Colon had "limited range of motion" in the knee, and that she could fully extend the knee but flex was limited to about 115/135 degrees, the surgeon "fail[ed] to identify or describe the objective medical tests employed in measuring the alleged restrictions in range of motion" (*Lloyd v Green*, 45 AD3d 373, 374 [2007]; *see also Gorden v Tibulcio*, 50 AD3d 460, 464 [2008]). "Nor did he explain the significance of his findings, or provide a sufficient description of the qualitative nature of the limitations based on the normal function and use of the knee" (*Mickens v Khalid*, 62 AD3d 597, 597 [2009]). Thus, Colon failed to raise any issue of fact under the permanent consequential limitation and significant limitation categories of Insurance Law § 5102 (d).

Similarly, with respect to Puente, defendants met their initial burden by submitting the report of a radiologist who opined that the MRI of Puente's lumbar spine revealed regional discogenic changes representing longstanding wear-and-tear degenerative changes unrelated to the accident and consistent with Puente's age (71 years). An MRI of the right knee showed no evidence of acute or recent injury; it showed significant and advanced degenerative changes involving all three joint compartments, menisci and anterior cruciate ligament, representing chronic wear-and-tear degenerative change unrelated to the accident. A neurologist found some limited range of motion in the cervical spine, "observed to be limited by volitional guarding." The motor examination of the knee was normal. An orthopedic surgeon found normal ranges of motion in the lumbar spine and right knee.

In opposition, Puente failed to present medical evidence sufficient to raise a triable issue. His treating doctor did not identify any serious injury; his diagnoses included, as relevant here, possible L4-5 sciatica discogenic disease and SP lumbar

strain (severe). The doctor did not make any reference to the claimed injury to the right knee or address the fact that, as noted in the doctor's report, Puente had complained of lower back pain eight months before the accident (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Montgomery v Pena*, 19 AD3d 288, 290 [2005]). Moreover, while his report indicated some limitation in back motion, the doctor failed to indicate the normal ranges of motion for the areas tested, and did not provide an objective assessment of Puente's claimed range of motion limitations (*see Gorden v Tibulcio*, 50 AD3d 460, 464 [2008], *supra*).

Regarding plaintiffs' 90/180-day claims, defendants appropriately relied on plaintiffs' deposition testimony (*see Canelo v Genolg Tr., Inc.*, 82 AD3d 584 [2011]). Puente testified that he was not confined to home or bed for more than a brief period of time, "negat[ing] his chance of establishing a 90/180-day serious-injury claim under section 5102 (d)" (*Lopez v Abdul-Wahab*, 67 AD3d 598, 600 [2009]). As for Colon, the only evidence in the record on this issue is that she missed some days of work. Even if she had missed 90 days of work, that would not be determinative (*see Simpson v Montag*, 81 AD3d 547 [2011]). Her inconsistent testimony regarding how much time she was out of work as a beautician in her beauty salon,* coupled with the absence of any other evidence that she was prevented from performing substantially all of her usual and customary daily activities for the requisite period, is insufficient to support her claim. Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.

---

* She testified that she lost about two weeks from work right after the accident, explaining that it did not take her very long to get back, because that was her only source of income. She further testified that she lost about four weeks from work after her surgery. However, she also testified at that same deposition that she was confined to her home for about two weeks and then after that did not work for two months.