■ STEVEN LAZU, Appellant, v HARLEM GROUP, INC., et al., Respondents. [931 NYS2d 608]—

Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence showing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). In opposition, plaintiff failed to raise a triable issue of fact.

The record demonstrates that plaintiff failed to submit evidence in admissible form with findings on his ranges of motion contemporaneous with the accident. Although the letter of his treating physician contained such contemporaneous findings, it was unsigned, and "[s]tatements and reports by the injured party's examining and treating physicians that are unsworn or

not affirmed to be true under penalty of perjury do not meet the test of competent, admissible medical evidence sufficient to defeat a motion for summary judgment" (*Migliaccio v Miruku*, 56 AD3d 393, 394 [2008]). Moreover, since the neurologist who examined plaintiff in response to defendants' motions relied on the treating physician's unsigned report, the conclusions based on those unsworn statements were likewise inadmissible (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [2010]; *Hernandez v Almanzar*, 32 AD3d 360, 361 [2006]).

Furthermore, plaintiff's neurologist failed to address the findings of defendants' radiologist that plaintiff had degenerative changes at the L4/5 and L5/S1 levels that preexisted the accident. It is noted that the findings of plaintiff's radiologist that discs L4-S1 "show desiccative changes consistent with degenerative process" were consistent with the findings of defendants' radiologist, and supported the conclusion that plaintiff had a preexisting condition (*see Valentin v Pomilla*, 59 AD3d 184, 186 [2009]).

Dismissal of plaintiff's 90/180-day claim was also proper. Plaintiff failed to submit medical proof in support of the claim that he was unable to perform substantially all his activities of daily living for the requisite period (*see Shu Chi Lam v Wang Dong*, 84 AD3d 515, 516 [2011]). Concur—Friedman, J.P., Catterson, Moskowitz, Freedman and Abdus-Salaam, JJ.