Order, Supreme Court, New York County (George J. Silver, J.), entered December 14, 2011, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants established their entitlement to judgment as a matter of law in this action where plaintiff alleges that she suffered serious injuries to her cervical and lumbar spine as a result of being hit by defendants’ taxi in 2008. Defendants submitted affirmed medical reports showing that plaintiff did not suffer permanent consequential or significant limitation of use of her cervical and lumbar spines as a result of the accident, since she currently had full range of motion in the affected body parts and her MRI films showed only degenerative changes consistent with her age (see Colon v Vincent Plumbing & Mech. Co., 85 AD3d 541, 541-542 [1st Dept 2011]). Defendants also submitted plaintiffs deposition testimony and medical records indicating that she had suffered similar injuries in a prior car accident two years earlier.
In opposition, plaintiff raises triable issues of fact. She submitted, inter alia, the affirmed report of a radiologist who, upon review of the MRI films, found disc bulges in the cervical and lumbar spines, and opined that these conditions were not degenerative in origin, in light of plaintiffs age (24 years old) and absence of other physical symptoms normally associated with degenerative disc disease (see James v Perez, 95 AD3d 788 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). Plaintiff also provided evidence of contemporaneous and recent findings of limitations by her treating physician and neurologist, respectively, which supplied the requisite proof of limitations and duration of the disc injury to raise an issue of fact as to a significant or permanent consequential limitation (see Perl v Meher, 18 NY3d 208, 217-218 [2011]; Duran v Kabir, 93 AD3d 566 [1st Dept 2012]). In response to the evidence that she was involved in a prior accident resulting in injuries, plaintiff submitted an affirmation of her treating physician, who opined that her prior medical history was not *481 contributory to the injuries she suffered to her cervical and lumbar spines as a result of the 2008 accident {see Bray v Rosas, 29 AD3d 422, 423-424 [1st Dept 2006]).
To the extent defendants raised an issue as to a gap in plaintiffs treatment, plaintiff presented evidence concerning the reasons that she stopped, including her neurologist’s conclusion that she had reached maximum medical treatment, so that any further treatment would have been only palliative {see Pommells v Perez, 4 NY3d 566, 577 [2005]; Ayala v Cruz, 95 AD3d 699 [1st Dept 2012]).
Concur—Mazzarelli, J.E, Acosta, Renwick, Richter and Gische, JJ.