Tyagi v Gadella (2022 NY Slip Op 00992)





Tyagi v Gadella


2022 NY Slip Op 00992


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, González, JJ. 


Index No. 805206/15 Appeal No. 15312 Case No. 2021-01490 

[*1]Renuka Tyagi et al., Plaintiffs-Respondents,
v
Farida Gadella, M.D., et al., Defendants-Appellants.


Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for appellants.
Kramer, Dillof, Livingston & Moore, New York (Matthew Gaier of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered November 2, 2020, which, upon reargument, denied so much of defendants' motion as was for summary judgment dismissing plaintiffs' claims of medical malpractice predicated on defendants' alleged improper administration of propofol and on defendants' alleged failures to monitor the injured plaintiff's condition and to timely intervene, unanimously affirmed, without costs.
On December 19, 2013, the injured plaintiff Renuka Tyagi (plaintiff) underwent surgery at defendant New York Presbyterian Hospital to repair a fractured ankle. Toward the end of the surgery, plaintiff's oxygen saturation dropped rapidly after defendant Dr. Anastasia Grivoyannis administered a purportedly excessive dose of propofol; as a result, plaintiff went into a respiratory depression that lasted at least six minutes. According to the pleadings, as a result of the respiratory depression and defendants' failure to intervene, plaintiff allegedly suffered brain damage.
Defendants moved for summary judgment dismissing the complaint. In an order entered July 6, 2020 (original order), Supreme Court granted defendants' motion as to plaintiffs' claims of medical malpractice predicated on the improper administration of propofol, partially on the basis that plaintiffs had raised the claim regarding propofol for the first time in opposition to defendants' motion. However, plaintiffs had, in fact, asserted in their amended bill of particulars that propofol had been improperly administered. Further, the court denied the motion as to what it described as plaintiffs' claims of medical malpractice predicated on, among other things, the failure to perform timely blood testing. Plaintiffs, however, did not assert that defendants had failed to perform blood tests; rather, plaintiffs asserted, by way of an expert opinion, that defendants had failed to monitor and respond to plaintiff's hemoglobin oxygen desaturation. Plaintiffs moved to reargue and also moved for clarification on which claims would proceed to trial. Defendants did not cross-move, nor did they appeal from the part of the original order that had denied their motion.
In the order appealed, Supreme Court granted reargument and, upon reargument, conceded that it had misapprehended plaintiffs' claims regarding propofol because, among other things, plaintiffs had, in their amended bill of particulars, raised the issue of administration of excessive propofol. Therefore, the court denied defendants' motion as to the claim predicated on improper administration of propofol. The court also "clarifie[d]" that plaintiffs had not claimed a failure to perform blood tests, but rather, had claimed that defendants had failed to monitor plaintiff's condition, including her hemoglobin oxygen saturation, and to timely intervene. The court also clarified that it had denied summary judgment as to the those claims and that they should be decided by the jury at trial.
To begin, although [*2]plaintiffs sought to clarify certain misstatements by the court in its original order, plaintiffs actually sought to make substantive changes to or amplify the original order. Accordingly, plaintiffs' entire motion is properly characterized as one for reargument (see Foley v Roche, 68 AD2d 558, 566 [1st Dept 1979]). Moreover, in the absence of an appeal from the original order, review is limited to whether Supreme Court providently exercised its discretion in granting plaintiffs motion for leave to reargue and, upon reargument, making the appropriate disposition (see e.g. Sheridan v Very, Ltd., 56 AD3d 305, 306 [1st Dept 2008]; see also Rivera v Benaroti, 29 AD3d 340, 341 [1st Dept 2006]).
As to plaintiffs' claim regarding the administration of an excessive amount of propofol, Supreme Court providently exercised its discretion in granting reargument and, upon reargument, denying summary judgment dismissing that claim. Plaintiffs timely raised the issue in their amended bill of particulars, and the opinion of plaintiffs' expert anesthesiologist regarding administration of propofol was sufficient to raise issues of fact as to the conclusions of defendants' documentary, testimonial, and expert evidence (see Ducasse v New York City Health & Hosps. Corp., 148 AD3d 434, 435 [1st Dept 2017]). Likewise, Supreme Court providently exercised its discretion in clarifying its order with respect to the claims for failure to monitor plaintiff's hemoglobin oxygen saturation and failure to intervene, since, as it conceded, the court conflated that specific issue with the issue regarding blood testing. We do not reach the merits of defendants' argument that they should have been granted summary judgment dismissing these claims, since, as noted above, defendants did not appeal from the original order or cross-move on plaintiffs' motion for reargument (see Cortez v Gersh, 170 AD3d 491, 492 [1st Dept 2019]; Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498 [1st Dept 2004]).
Similarly, as to plaintiffs' claim that defendant Dr. Farida Gadalla improperly supervised Dr. Grivoyannis, we construe Supreme Court's silence on this claim in its original order as a sub silentio denial of so much of defendants' motion as was for summary judgment dismissing it. Thus, as there is no appeal from the original order, we do not reach defendants' argument regarding this claim (see Cortez, 170 AD3d at 492; Perez, 10 AD3d at 498).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022