| **Lewis v Razu** |
| --- |
| 2025 NY Slip Op 30559(U) |
| February 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157002/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**          PART          22M

*Justice*

-------------------------------------------------------------------X

LAKEIA LEWIS,

                  Plaintiff,

- v -

MDABDUR R RAZU, MDSHAHEEN MUNSHI

                  Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157002/2022 |
| MOTION DATE | 09/09/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents and following oral argument, the motion by Defendants Mdabdur R. Razu and Mdshaheen Munshi for summary judgment and dismissal of Plaintiff's Complaint against them on the grounds that Plaintiff fails to meet the serious injury threshold under Insurance Law 5102 (d) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a November 30, 2019 motor vehicle accident between a vehicle owned and operated by Plaintiff and a vehicle owned by Defendant Munshi and operated by Defendant Razu. Plaintiff's Bill of Particulars alleges injuries to her right shoulder, left shoulder, lumbar spine, and cervical spine.

In support of their motion, Defendants submit the independent medical examination report by William Walsh, MD, the radiological review by Joseph Mazzie, DO, and the examination before trial testimony of Plaintiff.

Dr. Walsh performed an orthopedic medical evaluation on Plaintiff on August 30, 2023, measured Plaintiff's range of motion with a goniometer and compared the normal values according to AMA Guidelines. Dr. Walsh found normal range of motion and negative orthopedic tests as to

[* 1]

Plaintiff's cervical spine, lumbar spine, right shoulder, left shoulder. He determined that the cervical spine sprain/strain, lumbar spine sprain/strain, right shoulder sprain/strain, and left shoulder sprain/strain were resolved. Dr. Walsh found no evidence of disability, and concluded that Plaintiff is able to perform all normal activities of daily living and work.

Dr. Mazzie reviewed a cervical spine MRI examination performed on Plaintiff on January 16, 2020 and reported straightening of the normal cervical lordosis, degenerative spurring, disc desiccation, disc bulging, disc herniations, no fracture or subluxation; and found no causal relation to accident. Dr. Mazzie also reviewed a lumbar spine MRI examination performed on Plaintiff on January 16, 2020 and reported straightening of the normal lumbar lordosis, disc bulges, no fracture, no subluxation or disc herniation; no fracture or subluxation, and no causal relation to accident. He reviewed right and left shoulder examinations performed on Plaintiff on February 14, 2020. According to Dr. Mazzie, the right should MRI revealed type I acromion, tendinosis, supraspinatus tendon, no fracture, no dislocation, and no causal relation to accident, and the left shoulder MRI revealed type I acromion, tendinosis, supraspinatus tendon, no fracture, no dislocation, and no causal relation to accident.

Plaintiff testified that she did not miss any time from work due to this accident because she could not afford to take any days off, her schedule and duties at work did not change, but she still experiences pain that she associates with this accident to her back, neck, left shoulder, and sometimes her left side. Plaintiff further testified that she cannot sit or stand for a long period of time, and that she has difficulty performing household chores such as mopping or sweeping. She testified that there are no activities that she can recall that she can no longer do at all due to the injuries from this accident.

157002/2022 LEWIS, LAKEIA vs. RAZU, MDABDUR R ET AL
Motion No. 003

Page 2 of 4

Defendants have met their prima facie burden of establishing that Plaintiff did not suffer a serious injury under Insurance Law 5102 (d). The burden therefore shifts to Plaintiff to raise a sufficient issue of fact.

Plaintiff's submission is sufficient to raise an issue of fact as to whether she sustained a serious injury under Section 5102 (d) by presenting contemporaneous treatment records with documented limitations, and more recent examinations in which Plaintiff continued to exhibit significant limitations more than four years after the subject accident (*Holloman v Am. United Transp. Inc.*, 162 AD3d 423, 424 [1st Dept 2018]). Plaintiff's treatment records indicate that Plaintiff treated with Interfaith Medical Center, Monty Medical Services, P.C., and Kolb Radiology. However, many of these medical records submitted by Plaintiff are both uncertified and unaffirmed and thus do not constitute competent, probative evidence sufficient to defeat summary judgment *(see Lazu v. Harlem Group Inc.,* 89 AD3d 435, 436, 931 N.Y.S.2d 608 [1st Dep't 2011]).

Dr. McMahon, Plaintiff's treating physician, reported that in his most recent examination of Plaintiff, on February 22, 2024, Plaintiff's range of motion, which he measured with a goniometer, was limited as to her right and left shoulders with positive Hawkins sign. Dr. McMahon also noted that Plaintiff's cervical spine extension was limited. Dr. McMahon diagnosed plaintiff with a right shoulder low-grade partial rotator cuff tear, a left shoulder tear, cervical spine herniations, and lumbar spine disc bulge and radiculopathy. He concluded that Plaintiff's prognosis is poor, and her condition is permanent.

While Defendants point to a period in which Plaintiff was not receiving treatment, she received consistent treatment for about two years following the accident, and the record overall raises an issue of fact as to whether Plaintiff's injuries are permanent (*Burgos v Diamond Bricks*

157002/2022  LEWIS, LAKEIA vs. RAZU, MDABDUR R ET AL
Motion No. 003

Page 3 of 4

[* 3]

*Inc.*, 231 AD3d 529 [1st Dept 2024]). Even if the injures are found to be nonpermanent, Plaintiff may recover if she sustained a "significant" limitation of use injury (*Arias v Martinez*, 176 AD3d 548 [1st Dept 2019]).

However, Plaintiff's claim of serious injury under the 90/180 days category must be dismissed. Plaintiff's Bill of Particulars does not allege that Plaintiff was confined to her bed or home for a specific amount of time. Further, Plaintiff's testimony and affidavit demonstrate that Plaintiff was not restricted in her activities of daily living as she returned to work immediately, albeit with complaints of pain (*Pouchie v Pichardo*, 173 AD3d 643, 645 [1st Dept 2019]). Thus, Defendants' motion is granted under the 90/180 days category only. Accordingly, it is

**ORDERED** that the motion by Defendants Mdabdur R. Razu and Mdshaheen Munshi for summary judgment and dismissal of Plaintiff's Complaint against them on the grounds that Plaintiff fails to meet the serious injury threshold under Insurance Law 5102 (d) is denied except as to the 90/180 days claim; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order with Notice of Entry upon Defendants.

This constitutes the Decision and Order of the Court.

| 2/19/2025 | | | JAMES G. CLYNES, J.S.C. |
| DATE | | | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

157002/2022 LEWIS, LAKEIA vs. RAZU, MDABDUR R ET AL
Motion No. 003

Page 4 of 4

4 of 4

[* 4]