■ LA-TONIA DIAZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and ONE UNION SQUARE EAST CONDOMINIUM et al., Respondents. LA-TONIA DIAZ, Appellant, v CONDOMINIUM PARK TOWERS BROTHERS RLTY, LTD., et al., Defendants, and MAXWELL-KATES, INC., et al., Respondents. [784 NYS2d 868]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered June 8, 2004, which, upon the grant of plaintiff's motion for reargument, adhered to the prior order of the same court and Justice, entered October 15, 2003, granting defendant KG Land New York Corporation's motion for summary judgment and, upon a search of the record, granting summary judgment to defendants Maxwell-Kates, Inc., One Union Square East Condominium and The Food Emporium, Inc., unanimously affirmed, without costs. Appeal from the October 15, 2003 order unanimously dismissed, without costs, as superceded by the appeal from the subsequent order.

According to the complaint, plaintiff slipped and fell on a public sidewalk. Inasmuch as defendants-respondents, at the time, were under no statutory obligation to maintain the sidewalk and there is no evidence that they created the alleged hazard or made special use of the area in question, there exists no basis to sustain the action as against them (*see Muniz v Bacchus*, 282 AD2d 387 [2001]). The affirmation of plaintiff's counsel, who had no personal knowledge of the facts, was not sufficient to raise a triable issue (*Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.