■ Barbara McNamara et al., Appellants-Respondents, v Claudio M. Guazzoni, Respondent-Appellant, et al., Defendants. [790 NYS2d 116]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 16, 2003, dismissing the complaint and defendant Guazzoni's remaining counterclaim after a nonjury trial, and bringing up for review, inter alia, an order, same court (Louise Gruner Gans, J.), entered January 16, 2001, inter alia, granting plaintiffs summary judgment dismissing defendant Guazzoni's first counterclaim, unanimously modified, on the law, to vacate so much of the judgment and reverse so much of the order dismissing Guazzoni's counterclaims, the counterclaims reinstated and the matter remanded for further proceedings, and otherwise affirmed, without costs. Appeals and cross appeal to the extent taken from orders, same court (Louise Gruner Gans, J.), entered January 7, 1999, October 8, 1999, September 19, 2001, respectively, and from order, same court (Ira Gammerman, J.), entered September 16, 2003, unanimously dismissed, without costs, as, inter alia, subsumed in the appeal and cross appeal from the judgment.

Plaintiffs' claims, predicated upon transactions that were subject of litigation in a concluded nonpayment proceeding between the parties, are barred under the doctrine of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

In light of the language of the leases and the other circumstances presented, defendant Guazzoni may be entitled to attorneys' fees incurred in the defense of this action. Accordingly, the second counterclaim should be reinstated. In addition, inasmuch as the present record does not permit the conclusion that Guazzoni is, as a matter of law, precluded from recovering attorneys' fees incurred in the underlying bankruptcy and federal court proceedings under the doctrine of res judicata, the first counterclaim should be reinstated. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.