■ HARRY FONTAINE, Respondent, v PAUL C. MATTHEWS, Defendant and Third-Party Plaintiff-Appellant. ANTHONY SABINO, Third-Party Defendant-Respondent. [807 NYS2d 376]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J., and a jury), entered March 3, 2005, in an action for legal malpractice, insofar as appealed from as limited by the briefs, awarding plaintiff damages in the principal amount of $44,500, and bringing up for review an order, same court and Justice, entered February 14, 2005, which denied defendant's motion to set aside the verdict, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The verdict is not against the weight of the evidence. It appears that the underlying federal action was brought by plaintiff, a seaman, against the owner of his ship to recover for personal injuries sustained in an assault by a fellow crewman. Although defendant represented plaintiff throughout the course of the pretrial proceedings in the federal action, and agreed to continue to represent plaintiff after suffering a stroke, as indicated in the transcript of the pretrial hearing before the magistrate and by his meaningful participation in the deposition of the ship's medical expert, he failed to appear at the trial. This forced plaintiff and defendant's cocounsel, enlisted by defendant after his stroke, to go to trial without defendant present. It further appears that while cocounsel agreed to act as trial counsel, he never agreed to be substituted as attorney of record, that defendant agreed to be responsible for the medical aspects of plaintiff's case, and that cocounsel never possessed relevant medical documents. The federal jury clearly credited plaintiff's account of the assault, as indicated by its finding that his injuries were the result of the ship's unseaworthy condition, but awarded no damages. While plaintiff's case may have had weaknesses, including the existence of preexisting medical

conditions, a fair interpretation of the evidence in this action shows that cocounsel's unpreparedness with respect to the medical aspects of the case was a substantial factor for the no-damages federal verdict. While plaintiff had no expert in the federal trial to refute the testimony of the shipowner's medical expert that his complaints were due to preexisting arthritis and chronic disc narrowing, his medical expert in this action, the same expert retained but not called in the federal action, testified that he sustained two cervical disc herniations and developed radiculopathy and myofascial pain syndrome as a result of the assault. Furthermore, during deliberations, the federal jury requested plaintiff's medical records for the one-year period after the assault, but was told that they were not in evidence. The $12,500 awarded for past and future pain and suffering does not deviate from what is reasonable compensation under the circumstances, and the award of $25,000 for lost wages is adequately supported by plaintiff's testimony regarding his yearly earnings (see Kane v Coundorous, 11 AD3d 304, 305 [2004]). Defendant's claim that the trial court erred in deciding, as a matter of law, the issue of cocounsel's alleged malpractice was not preserved by timely objection. The trial court properly precluded defendant from offering any evidence of a prior settlement offer that plaintiff had rejected (CPLR 4547). Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.