VINCENT AYALA, an Infant, by His Mother and Natural Guardian, LAYDA ROSA, et al., Respondents, v CAROL DOUGLAS, Appellant. [869 NYS2d 47]—

Defendant established prima facie that the infant plaintiff did not sustain a serious injury (*see e.g. Nagbe v Minigreen Hacking Group*, 22 AD3d 326 [2005]). She submitted an orthopedic surgeon's findings on examination that plaintiff's sprains of the cervical, thoracic and lumbar spine and left knee had resolved and a radiologist's findings that MRIs of plaintiff's lumbar spine showed degenerative changes manifested by disc hydration, disc space narrowing and a mild annular bulge and that the MRI of plaintiff's left knee showed intact lateral menisci and no abnormalities.

In opposition, plaintiffs raised a triable issue of fact by providing objective evidence of a permanent disability causally related to the accident (*see e.g. Engles v Claude*, 39 AD3d 357 [2007]). They submitted an affidavit by a physician who diagnosed a herniated disc and derangement of plaintiff's left knee, quantified limitations in the ranges of motion of the lumbar spine and left knee, and opined that the injuries were causally related to the accident, and a radiologist's report that the MRI of plaintiff's left knee showed a tear of the medial meniscus, the MRI of his cervical spine showed straightening of the normal lordosis, and the MRI of his lumbar spine revealed disc herniation. Although unsworn, plaintiff's radiologist's reports were properly considered, because they were reviewed by defendant's expert in reaching his conclusion (*see id.*).

Plaintiffs did not, however, raise an inference that a "medically determined" injury or impairment prevented plaintiff from performing substantially all his usual and customary daily activities for at least 90 of the first 180 days following the accident (*see e.g. Prestol v McKissock*, 50 AD3d 600, 601 [2008]). The only evidence as to this claim is plaintiff's testimony that he returned to school after three weeks and that he was unable to participate in gym and sports for some time.

In his testimony and affidavit, plaintiff stated that he was crossing the street with the light and looked in both directions before stepping off the curb into the crosswalk, where he was struck by defendant's car. In opposition to plaintiffs' cross motion for summary judgment on the issue of liability, defendant submitted only an affirmation by her counsel, who had no personal knowledge of the facts (*see Diaz v New York City Tr. Auth.*, 12 AD3d 316 [2004]). Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.