■ Robert Hecht, Appellant, v Helmsley-Spear, Inc. et al., Respondents. [885 NYS2d 292]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 5, 2008, granting defendants' motion for summary judgment dismissing plaintiff's third cause of action for breach of contract, unanimously affirmed, with costs.

The court correctly found that the alleged promises made by defendant Schneider with respect to severance benefits to be provided plaintiff in the event of a sale of Helmsley-Spear, Inc., or at the time of his departure from the company, are insufficient, as a matter of law, to provide the basis for a legally enforceable oral agreement. The oral assurances lacking any actual terms as to the amount, form, and timing of payment of any compensation, and including no methodology or custom providing for the determination of the same, failed to manifest a clear intention on the part of the parties to form a binding, definite severance agreement (*see Dombrowski v Somers*, 41 NY2d 858, 859 [1977]; *Stanwich Consulting v Etkin*, 47 AD3d 403 [2008];

*Freedman v Pearlman*, 271 AD2d 301, 303 [2000]). Moreover, to the extent that any of the alleged promises evinced defendants' intent to undertake an enforceable severance obligation with respect to plaintiff, the terms of the promised severance benefits therein were so indefinite as to require a review of extrinsic evidence in order to fill in the gaps. As the court correctly concluded, the extrinsic evidence relied upon by plaintiff failed to establish an industry standard or course of dealing, or to otherwise provide an objective basis for filling in the price term missing from the purported severance agreement. Accordingly, summary judgment was properly granted (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110 [1981]; *Mark Bruce Intl., Inc. v Blank Rome, LLP*, 60 AD3d 550 [2009]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.