■ Networks USA, LLC, Respondent, v HSBC Bank USA, N.A., Appellant. [901 NYS2d 198]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 14, 2009, which, to the extent appealed from, denied defendant's motion to dismiss the sixth, seventh and eighth causes of action, unanimously affirmed, with costs.

Accepting the facts alleged in the complaint as true and according plaintiff the benefit of every possible inference therefrom (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that the complaint sufficiently alleges an express and specific agreement between plaintiff import/export intermediary and defendant bank with respect to the transfer or assignment of a letter of credit to permit a factfinder reasonably to infer that defendant "expressly consented" (Uniform Customs and Practice for Documentary Credits [UCP] Publication No. 500, art 48 [c], issued by the International Chamber of Commerce [now UCP Publication No. 600, art 38 (a)]) to the essential terms and conditions of the contemplated transfer of the letter of credit to a particular transferee (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *Hecht v Helmsley-Spear, Inc.*, 65 AD3d 951 [2009]; *cf. Bank Negara Indonesia 1946 v Lariza [Singapore] Pte. Ltd.*, [1988] 1 AC 583, 599 [PC 1987] [appeal taken from Sing] [abstract at 1988 WL 624642 (1987)] [under corresponding provision of 1974 revision of UCP, bank's "consent (to transfer of letter of credit) cannot be given in blanket form in advance, so as to apply to any request for transfer which may subsequently be made"]). Accordingly, the complaint states a cause of action for breach of contract.

The complaint sufficiently alleges a "clear and unambiguous promise" to sustain the cause of action for promissory estoppel (*see Steele v Delverde S.R.L.*, 242 AD2d 414, 415 [1997]).

The allegations that plaintiff paid defendant the fees in connection with the $176,000 standby letter of credit, in the belief that defendant had promised to transfer the letter of credit, are sufficient to sustain the cause of action for unjust enrichment. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.