*550 OPINION OF THE COURT
Lucy Billings, J.
I. Background
This action arises from the construction of a refrigerated warehouse at the Hunts Point Cooperative Market in Bronx County. In response to plaintiffs motion to consolidate this action with a related action by plaintiff (Casa Redimix Concrete Corp. v United States Fid. & Guar. Co., Sup Ct, Bronx County, index No. 24960/2005), Hunts Point Cooperative Market, Inc., a defendant in this action, cross-moved for summary judgment dismissing the complaint against the cooperative in this action, based on plaintiffs failure to state a claim against the cooperative. (CPLR 3211 [a] [7]; 3212 [b].) While plaintiff later withdrew its motion for consolidation on May 21, 2009, defendant’s cross motion relies on documents supporting the consolidation motion, the complaint and settlement in another related action (Hunts Point Coop. Mkt., Inc. v United States Fid. & Guar. Co., Sup Ct, Bronx County, index No. 7499/2001), to establish the lack of merit to plaintiffs claim against defendant cooperative here.
Defendant cooperative also relies on its contracts with codefendant Westway Industries Inc. Since Westway Industries never answered, and no party ever moved for a default judgment against this defendant, the complaint and cross claims against Westway Industries are dismissed. (CPLR 3215 [c].) Although the remaining defendant in cross-moving for summary judgment fails to authenticate those contracts until its reply, plaintiff does not dispute that Westway Industries contracted with defendant cooperative to prepare the warehouse site for construction of the warehouse and to pour the concrete foundation and slab for the warehouse. (Schultz v Gershman, 68 AD3d 426 [1st Dept 2009]; McNair v Lee, 24 AD3d 159, 160 [1st Dept 2005]; Morris v Solow Mgt. Corp., 8 AD3d 126, 127 [1st Dept 2004]; Jackson v Bronx Lebanon Hosp. Ctr., 7 AD3d 356, 357 [1st Dept 2004]; see Jain v New York City Tr. Auth., 27 AD3d 273 [1st Dept 2006].) Moreover, given the complaint and settlement in the related action by defendant cooperative, these contracts are inessential to the cross motion. The contracts simply serve as background to the dispute in this action.
II. The Claims in this Action
The complaint here alleges that Westway Industries hired plaintiff to supply concrete for the construction site; and *551 plaintiff supplied the concrete as agreed, without defect; but neither Westway Industries nor defendant cooperative has paid plaintiff for the concrete; and consequently the latter defendant has been unjustly enriched. (Networks USA, LLC v HSBC Bank USA, N.A., 73 AD3d 488 [1st Dept 2010]; Segal v Cooper, 49 AD3d 467 [1st Dept 2008]; Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 111-112 [1st Dept 2005]; Bestolife Corp. v American Amicable Life, 5 AD3d 211, 217 [1st Dept 2004]; see Empire State Fuel Corp. v Warbasse-Cogeneration Tech. Partnership, L.P., 58 AD3d 534 [1st Dept 2009]; Joan Hansen & Co. v Everlast World’s Boxing Headquarters Corp., 296 AD2d 103, 108 [1st Dept 2002].) Defendant cooperative cross-claimed against Westway Industries, alleging it was solely liable for any payments owed to plaintiff, because Westway Industries had received payment for plaintiffs supplies.
III. The Related Action
Hunts Point Cooperative Market, in its related action against United States Fidelity and Guaranty (USF & G), sought reformation of payment and performance bonds that USF & G issued on Westway Industries’ behalf for its contracts with the cooperative. The cooperative claimed USF & G mistakenly issued the bonds for only 1.5% rather than 100% of the contracts’ face value, as the contracts required. In February 2005, the cooperative settled its action against USF & G. According to the settlement agreement between those two parties in that action, the cooperative received payment for the claims the cooperative made against the bonds, based on Westway Industries’ breach of its contracts with the cooperative by performing incomplete and defective work. The cooperative maintains that none of this payment was in satisfaction of plaintiffs claim in this action, for its supplies to Westway Industries.
A. Consideration of the Complaint and Settlement in the Related Action
Defendant cooperative, in cross-moving for summary judgment in this action, also fails to present the complaint and settlement in Hunts Point Coop. Mkt., Inc. v United States Fid. & Guar. Co., which defendant relies on as essential to establishing the lack of merit to plaintiffs claim against defendant here. Plaintiff, however, presented those documents in support of plaintiffs withdrawn consolidation motion.
Had plaintiff moved for summary judgment, rather than consolidation, defendant in cross-moving for the same relief un *552 questionably would be entitled to rely on documents supporting plaintiff’s motion. (Ayala v Douglas, 57 AD3d 266, 267 [1st Dept 2008]; Navedo v Jaime, 32 AD3d 788, 789-790 [1st Dept 2006]; Thompson v Abbasi, 15 AD3d 95, 97 [1st Dept 2005]; Rosario v Universal Truck & Trailer Serv., 7 AD3d 306, 309 [1st Dept 2004]; see Dembele v Cambisaca, 59 AD3d 352 [1st Dept 2009]; Hernandez v Almanzar, 32 AD3d 360, 361 [1st Dept 2006].) The question here, however, is whether defendant may rely on them even though they were offered only in support of consolidation.
The record of a cross motion includes the record supporting the original motion. (CPLR 2215; Barca v City of New York, 13 Misc 3d 464, 468 [Sup Ct, Bronx County 2006]; Dugas v Bernstein, 5 Misc 3d 818, 825 [Sup Ct, NY County 2004].) Plaintiff, having brought these documents to the court’s attention, has acknowledged and assented to them and has no cause to complain. (E.g. Pietrocola v Battibulli, 238 AD2d 864, 866 n [3d Dept 1997]; A.B. Med. Servs. PLLC v Travelers Prop. Cas. Corp., 5 Misc 3d 214, 217 [Civ Ct, Kings County 2004]; see People v Campney, 94 NY2d 307, 311-312 [1999]; Frank v McCutcheon, 29 AD3d 470 [1st Dept 2006]; Matter of Seventh Jud. Disk Asbestos Litig., 2 Misc 3d 518, 524 [Sup Ct, Monroe County 2003].) Moreover, the court may consider otherwise inadmissible documents when the party adverse to the party now seeking to rely on those documents already has “opened the door” to them, by offering and relying on them, and particularly when the adverse party’s use of the documents may be misleading without scrutiny of the documents themselves. (People v Massie, 2 NY3d 179, 181, 184 [2004]; Hernandez v Almanzar, 32 AD3d at 361; Storch v Storch, 282 AD2d 845, 848 [3d Dept 2001]; see e.g. Guthrie v Overmyer, 19 AD3d 1169, 1170-1171 [4th Dept 2005]; Kearse v New York City Tr. Auth., 16 AD3d 45, 47 n 1 [2d Dept 2005].)
When presenting the complaint and settlement in the related action Hunts Point Coop. Mkt. Inc. v United States Fid. & Guar. Co., plaintiff relied on those documents in that action to show that the claims in this action were the subject of that action. Plaintiff advanced the same position based on these documents in support of plaintiffs motion for consolidation as plaintiff advances in opposition to defendant’s cross motion for summary judgment. Specifically, plaintiff posits that defendant’s related action sought payments from USE & G pursuant to the bonds, in the corrected amounts, which Westway Industries owed to all *553 subcontractors and suppliers on the warehouse construction project, including plaintiff. Plaintiff then points out that the cooperative settled its related action against USE & G by accepting a lump-sum payment from USE & G to the cooperative. If the claims in that action were in fact as plaintiff has specified, and the settlement did not exclude plaintiffs unpaid claim owed by Westway Industries, the cooperative’s defense against plaintiffs unjust enrichment claim here would be precluded. (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 124-125 [2008]; Matter of Olympic Tower Assoc. v City of New York, 81 NY2d 961, 963 [1993]; Bostany v Trump Org. LLC, 73 AD3d 479, 480-481 [1st Dept 2010]; Fabiano v Philip Morris Inc., 54 AD3d 146, 151-152 [1st Dept 2008]; see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999]; Sun Mei Inc. v Chen, 21 AD3d 265, 266 [1st Dept 2005]; Melnitzky v North Fork Sav. Bank, 17 AD3d 170, 171 [1st Dept 2005]; McNamara v Guazzoni, 16 AD3d 107, 108 [1st Dept 2005].)
Thus, when presenting the documents defendant now seeks to rely on, plaintiff did not merely submit them to the court as inessential attachments to plaintiffs motion or refer to them as collateral or supplemental material. (See Navedo v Jaime, 32 AD3d at 789-790; Thompson v Abbasi, 15 AD3d at 97.) Plaintiff vouched for and acknowledged these documents’ probative value in affirmatively relying on the documents. (Ayala v Douglas, 57 AD3d at 267; Rosario v Universal Truck & Trailer Serv., 7 AD3d at 309; Williams v Parke, 1 AD3d 240 [1st Dept 2003]; Toledo v A.P.O.W. Auto Repair/Towing, 307 AD2d 233, 234 [1st Dept 2003]; see Dembele v Cambisaca, 59 AD3d 352 [2009]; Hernandez v Almanzar, 32 AD3d at 361.)
In sum, defendant relies on a complaint and settlement that plaintiff has affirmatively relied on, documents that both plaintiff and defendant must rely on to prevail here. (See e.g. Quinones v Caballero, 10 Misc 3d 486, 491 [Sup Ct, Bronx County 2005].) Particularly since defendant relies on them not for their truth, but for the claims, rights, and obligations set forth, no perceptible reason militates against the court’s consideration of these documents.
B. The Complaint’s Claims
Although the cooperative’s complaint in its related action, Hunts Point Coop. Mkt., Inc. v United States Fid. & Guar. Co., sought a declaratory judgment that Westway Industries’ guarantor, USE & G, was obligated to pay Westway Industries’ *554 subcontractors, like plaintiff here, the cooperative’s claimed damages did not include that payment. The complaint claimed that, as a result of USF & G not meeting its obligations, the cooperative suffered damages, but its prayer for relief sought damages from the delay in construction of the warehouse due to nonpayment of the subcontractors and suppliers on the construction project, not damages in the amounts not paid to the subcontractors and suppliers.
In opposition to summary judgment dismissing plaintiff’s claims here, plaintiff refers to evidence that the cooperative, in negotiating its settlement with USF & G, pointed to $225,170.01 in amounts not paid to plaintiff 'as a supplier of concrete on the construction project. This sum was simply support for the cooperative’s claim that USF & G was obligated to pay Westway Industries’ subcontractors, like plaintiff. In any event, as information furnished during the settlement negotiations, this evidence is inadmissible to show the settlement’s terms themselves. (CPLR 4547; Java Enters., Inc. v Loeb, Block & Partners LLP, 48 AD3d 383, 384 [1st Dept 2008]; CIGNA Corp. v Lincoln Natl. Corp., 6 AD3d 298, 299 [1st Dept 2004]; see Soumayah v Minnelli, 41 AD3d 390, 393 [1st Dept 2007]; Fontaine v Matthews, 25 AD3d 477, 478 [1st Dept 2006].) Only the settlement’s actual terms are admissible. (E.g. Matter of Bruce L. v Patricia C., 62 AD3d 566, 567 [1st Dept 2009].)
C. The Settlement’s Terms
In a settlement agreement dated February 16, 2005, the cooperative settled its claims based on the bonds, for damages from the delay in construction of the warehouse due to nonpayment of the subcontractors and suppliers. Since the complaint in that action did not claim damages in the amounts not paid to the subcontractors and suppliers, and the settlement agreement did not expressly extend to any such damages, the settlement payment the cooperative received did not include such amounts. In fact, in a provision of the settlement independent of USF & G’s agreement to pay the cooperative, the settlement agreement specifically required USF & G to resolve claims by subcontractors and suppliers named in a third action (USF & G v Advanced Drainage Inc., Sup Ct, Bronx County, index No. 7604/2001). That action, however, did not include plaintiff in this action either.
Nor did plaintiff here make any claim against the bonds until 10 months later, in December 2005, when plaintiff commenced *555 its related action (Casa Redimix Concrete Corp. v United States Fid. & Guar. Co., Sup Ct, Bronx County, index No. 24960/2005). Insofar as plaintiff has abandoned its direct claim against West-way Industries here, its avenue of relief for the payments owed from Westway Industries to plaintiff was through its later action against USE & G based on the bonds.
IV Conclusion
Although plaintiff insists otherwise, its claim against defendant Hunts Point Cooperative Market, Inc. in this action was not encompassed in Hunts Point Coop. Mkt., Inc. v United States Fid. & Guar. Co. (Sup Ct, Bronx County, index No. 7499/2001). Based on the claims and settlement in that action, Hunts Point Cooperative Market has shown that it did not receive payment for plaintiffs claims, which plaintiff fails to rebut. Plaintiff fails to set forth any other basis for a claim against Hunts Point Cooperative Market. Therefore the court grants Hunts Point Cooperative Market’s cross motion for summary judgment dismissing the complaint against this defendant. (CPLR 3211 [a] [7]; 3212 [b].) Given the dismissal of Westway Industries Inc. upon the other parties’ failure to act on Westway Industries’ default, the entire action now is dismissed. (CPLR 3215 [c].)