■ CASA REDIMIX CONCRETE CORP., Appellant, v WESTWAY INDUSTRIES INC., Defendant, and HUNTS POINT COOPERATIVE MARKET, INC., Respondent. [937 NYS2d 46]—

Plaintiff seeks payment from defendant Hunts Point for concrete it supplied to Hunts Point's construction site pursuant to an agreement with defendant Westway Industries Inc., the contractor for the excavation and foundation work. Plaintiff contends that its claim is encompassed in a related reformation action brought by Hunts Point against the surety that issued payment and performance bonds and in the settlement of that action.

We find that paragraphs in the complaint in the reformation action may be read as seeking damages based upon amounts owed to subcontractors and suppliers such as plaintiff. While it is true that paragraph 47 of the complaint alleges that "Westway's failure to perform its contracts and to pay its subcontractors ... and suppliers has caused *delays in construction*" (emphasis added), paragraphs 27, 35, 45, and 57 specifically refer to the monetary demands of subcontractors and suppliers, without connecting those demands to Hunts Point's asserted delay damages. Similarly, the ad damnum clause seeks declaratory relief and damages relating to the payment bonds, inter alia, and not merely to the performance bond. As plaintiff aptly observes, while the performance bond might address delay damages of the kind asserted by Hunts Point, it is the payment bonds that address the demands of unpaid subcontractors and suppliers (*see National Wall Sys. v Bay View Towers Apts.*, 64 AD2d 417, 424 [1978]).

Nor does the agreement unequivocally indicate that plaintiff's claims are not encompassed in the reformation action settlement. One of the "Whereas" clauses refers to both the performance bond "and a labor and material payment bond." Although elsewhere the settlement agreement provides that the surety "shall resolve the claims made against the Bonds by Westway's subcontractors and suppliers" named in a separate interpleader action, the fact that plaintiff was not named in that action, when viewed in the light most favorable to it (the nonmovant), suggests that plaintiff's claims are addressed in the reformation action settlement. Indeed, the very mention of the claims of subcontractors and suppliers in the settlement agreement militates against Hunts Point's position that it brought the reformation action only to address its own damages. Moreover, the deposition testimony and affidavits submitted by plaintiff suggest that subcontractors and suppliers, including plaintiff, were told by Hunts Point that their demands for payment would be resolved in the reformation action.

In addition, plaintiff presented documentary evidence that its specific claim was presented to the surety by Hunts Point in the

reformation action. It may be, as Hunts Point's general manager claimed, that this documentation was "merely a tabulation by Hunts Point, as project owner, of the various claims by Westway subs and suppliers that had been made or payments that were outstanding at the time." However, in light of inferences drawn in plaintiff's favor, this fact suggests that plaintiff's claim was at issue in the reformation action. The motion court improperly refused to consider this evidence, since nothing in the record establishes that it is inadmissible under CPLR 4547. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ. [**Prior Case History: 31 Misc 3d 549.**]